COMMONWEALTH *vs.* ROBERT A. LASHER.

Berkshire. June 24, 1998. - September 23, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Speedy trial, Dismissal.

In a criminal matter in which the Commonwealth was on notice that the defendant had neither obtained counsel nor waived the right to counsel and in which the Commonwealth failed to place the case on a trial list for over a year, a Superior Court judge correctly allowed the defendant's motion to dismiss pursuant to Mass. R. Crim. P. 36 (b). [203-206] GREANEY, J., with whom LYNCH and FRIED, JJ., joined, dissenting.

INDICTMENTS found and returned in the Superior Court Department on July 15, 1993.

A motion to dismiss was heard by *Francis X. Spina,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Joseph A. Pieropan,* Assistant District Attorney (*Paul J. Caccaviello,* Assistant District Attorney, with him) for the Commonwealth.

*Richard L. Goldman* for the defendant.

ABRAMS, J. On August 5, 1993, the defendant, Robert A. Lasher, was arraigned on charges of distribution of cocaine and drug violations in a drug-free school zone. On May 2, 1995, he moved to dismiss on the ground that the Commonwealth failed to try him within one year of the arraignment, as required by Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979). The judge allowed the motion. The Commonwealth appealed, and the Appeals Court, in an unpublished memorandum and order pursuant to its rule 1:28, affirmed the dismissal of the indictments. *Commonwealth* v. *Lasher,* 44 Mass. App. Ct. 1120 (1998). We granted the Commonwealth's application for further appellate review. We conclude that the Commonwealth cannot justify the delay in bringing the defendant to trial. Accordingly, we affirm the order of dismissal.

"Rule 36 (b) (1) (C) provides that 'a defendant shall be tried within twelve months after the return day in the court in which the case is awaiting trial.' 'The return day is the date of arraignment.' . . . A defendant can thus establish a prima facie violation of rule 36 (b) simply by showing that he or she was tried more than one year after the arraignment. However, '[t]he delay may be excused by a showing that it falls within one of the "[e]xcluded [p]eriods" provided in rule 36 (b) (2), or by a showing that the defendant acquiesced in, was responsible for, or benefited from the delay.' " *Commonwealth* v. *Marable*, 427 Mass. 504, 505 (1998), quoting *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504 n.3 (1992). Under the general principles we reviewed in *Marable, supra* at 505 & n.1, a total of 634 days elapsed between the arraignment and the filing of the motion to dismiss. The Commonwealth must therefore account for 269 days. Analysis of one block of time, however, is sufficient to dispose of this case.

At the arraignment, the defendant was represented by counsel who informed the court and the Commonwealth that he appeared only for that limited purpose. The matter was continued until August 11, 1993, when a hearing was scheduled for clarification of counsel status. The hearing did not take place, however, because no judge was available at the time. The hearing was never rescheduled. On October 28, 1993, the prosecutor and the court received a letter from arraignment counsel, who wrote that he no longer represented the defendant and that he had advised the defendant to have new counsel appointed. On November 9, 1994, over one year later, the defendant received a summons to appear on November 18 for appointment of counsel. This summons was issued on the initiative of the court clerk, not the prosecutor.

The Commonwealth argues that, because, from all that appears on the docket, the defendant took no steps to obtain counsel during this time, the defendant acquiesced in or was responsible for the delay.[1] See *Commonwealth* v. *Farris*, 390 Mass. 300, 303-304 (1983) (docket entries are prima facie

---

[1]The letter from arraignment counsel suggests that the defendant go to the probation department to obtain counsel. The probation department, however, merely determines whether a person is eligible for a court-appointed attorney. It is the court which must make the appointment. That appointment cannot be made until the case appears on a list. Putting the case on the list is the responsibility of the prosecutor.

evidence of facts recorded therein). Although, as we emphasized in *Marable, supra* at 507, quoting *Commonwealth* v. *Lauria,* 411 Mass. 63, 68 (1991), "[d]efendants in a criminal matter bear an 'obligation . . . to object to delay' and a 'responsibility to "press their case through the criminal justice system," ' " we do not burden a defendant with such a responsibility unless he or she has first obtained counsel (whether privately or by appointment) or validly waived the right to counsel. We do not expect inexperienced, unrepresented criminal defendants to understand court procedures or to know how to go about "press-[ing] their case through the criminal justice system."[2]

We conclude that the time from October 28, 1993 (the day that the Commonwealth received notice that the defendant was unrepresented), through November 18, 1994 (the day scheduled by the Commonwealth for appointment of defense counsel), is chargeable against the Commonwealth. Because this is a time period of more than twelve months, rule 36 (b) was violated.[3]

We reject the Commonwealth's argument that under *Marable, supra* at 507-508, the months of September and October, 1994, are excluded. The defendant's case was placed on the trial lists for those months, but the case was not reached, and the defendant did not object to the delay. In *Marable,* we said that, "under rule 36, the district attorney has the responsibility to place the case on the trial list timely. The defendant must inform the court that he or she wants a speedy trial . . . ." *Id.* at 508. The Commonwealth argues that, because the defendant did not so inform the court, *Marable* requires that these months be excluded.

As explained above, however, the Commonwealth was on notice that the defendant had neither obtained counsel nor waived the right to counsel. The Commonwealth thus placed the defendant on the lists knowing that he could not be tried. Moreover, there is no evidence that the Commonwealth notified the defendant that he had been placed on the trial lists. Instead,

[2]Of course, once a defendant validly waives the right to counsel and proceeds pro se, we hold the defendant to the same standards as a practicing member of the bar. See *Commonwealth* v. *Jackson,* 419 Mass. 716, 719 (1995).

[3]The dissent suggests that an unrepresented defendant who has not waived his right to counsel has a duty to object to any delay. Because the prosecutor never placed the case on a trial list, it is unclear when the defendant would have had an opportunity to object to the delay.

the Commonwealth apparently notified arraignment counsel, whom the Commonwealth knew had already withdrawn. Although the defendant was on the trial lists, the fact that the Commonwealth knew he had no counsel and had not waived counsel does not permit the exclusion of this time from the rule 36 calculation.

We also reject the Commonwealth's argument that because the defendant received letters from arraignment counsel,[4] urging him to have trial counsel appointed and informing him that the case had been placed on the September, 1994, trial list, the time is excluded from the rule 36 calculation. Nothing in the record supports a determination that the defendant understood how to obtain counsel, or that he was deliberately trying to delay proceedings. During the same period, the Commonwealth, represented by counsel and in control of the trial list, did nothing.

The letters from arraignment counsel, on which the Commonwealth relies, do not aid the Commonwealth. It was the Commonwealth's responsibility to notify the defendant in a timely manner that his case was on the trial list. The Commonwealth failed to do so. Moreover, the Commonwealth implies that if the defendant had more actively sought to obtain counsel, he somehow could have had his case put on the list earlier. Not only is this conclusion not borne out by the record, it is contrary to the Commonwealth's statutory duty to manage the trial list. See G. L. c. 278, § 1.

Finally, we reject the Commonwealth's suggestion that the dismissal was improper because the defendant made no showing of prejudice. Simply put, rule 36 (b) requires no showing of prejudice. "Once the defendant has established a prima facie delay, and the Commonwealth offers no justification, the defendant is entitled to dismissal of the indictment without a showing of prejudice." *Barry* v. *Commonwealth*, 390 Mass. 285, 291 (1983), quoting *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980).

As the United States Supreme Court stated thirty-five years ago, a criminal defendant "lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect

---

[4]There is no authority for the dissent's position that advice from a third party, not a court or prosecution official, is sufficient to relieve the Commonwealth of its obligation to place the case on a trial list in order to make time excludable under rule 36.

one. He requires the guiding hand of counsel *at every step* in the proceedings against him" (emphasis added). *Gideon* v. *Wainwright,* 372 U.S. 335, 344-345 (1963), quoting *Powell* v. *Alabama,* 287 U.S. 45, 69 (1932), and overruling *Betts* v. *Brady,* 316 U.S. 455 (1942). Unrepresented by counsel, the defendant could not be expected to navigate the complex criminal justice system.[5] The Commonwealth's position eviscerates the vital importance of defense counsel in the criminal justice system. We conclude that the judge properly dismissed the indictments.[6]

> *Order dismissing indictments affirmed.*

GREANEY, J. (dissenting, with whom Lynch and Fried, JJ., join). For the reasons next discussed, I would not deprive the people of the Commonwealth of their right to have the defendant tried on indictments charging multiple violations of the drug laws, including serious charges of distribution of cocaine in a school zone.

To frame the issue correctly, it is necessary to restate the history of the case with particular attention to written warnings given the defendant about the need on his part to make a very minimal effort to settle his situation as to counsel. That history is as follows. The defendant was arraigned in Berkshire Superior Court on August 5, 1993, and was released on $5,000 bond.[1] He was represented at his arraignment by Attorney Michael Ascher (Ascher) who specially appeared for that proceeding only. A certificate of discovery, indicating the materials provided to Ascher, including grand jury minutes, was filed at the time of the arraignment. The case was continued to August 11, 1993, for resolution of the status of counsel, but the Commonwealth and Ascher were notified by the court clerk's office that the conference could not be held because no judge was currently available. At that time, Ascher informed the court that he "would be away and unavailable until September 20, 1993." The court clerk's diary contains an entry to the effect that the defendant's attorney would report back as to the status of the

---

[5]There is no indication that, by not obtaining counsel, the defendant was deliberately attempting to delay proceedings. Were that the case, our result might be different.

[6]Because the defendants in *Commonwealth* v. *Amidon, post* 1005 (1998), were represented by counsel, those cases are not to the contrary.

[1]The defendant has been at liberty throughout these proceedings.

defendant's representation. No pretrial conference was immediately scheduled.

By letter dated October 27, 1993, Ascher advised the court clerk's office that he "has attempted to resolve [his] relationship with [the defendant] on a number of occasions, but we have been unable to reach an accord." Ascher indicated that he had "advised [the defendant] to contact the Superior Court Probation Department and apply for Court-Appointed Counsel. [The defendant] has indicated that he intends on doing so." Ascher forwarded a copy of his letter to the defendant and to the assistant district attorney handling the case for the Commonwealth.

The defendant's case was placed on the September, 1994, trial list. The clerk's office notified Ascher of the trial schedule, after which he once again promptly notified the defendant by letter that in October, 1993, "I reminded you . . . that you should contact the Superior Court Probation Department and apply for Court-Appointed Counsel, and you indicated to me that you intended to do so." Ascher further stated:

> "It is my understanding after speaking with a clerk of the Superior Court, that you have, in fact, not obtained court appointed counsel in this matter, and there is no record of other private counsel in your file.

> "Therefore, immediately upon receipt of this letter, you should contact the Superior Court Probation Department and apply for Court-Appointed Counsel, unless you are able to obtain private counsel for your defense. I urge you to deal with this matter immediately, as your trial could be called as early as September 6, 1994.

> "This is a very important matter, and should be dealt with upon receipt of this letter."

Ascher forwarded to the court clerk's office a copy of this letter. In an accompanying letter, Ascher advised that office that, if the defendant made contact with him, he would "instruct him to contact the Probation Department."

The defendant's case was placed on the October, 1994, and November, 1994, trial lists. After Ascher again notified the court clerk's office that he did not represent the defendant, the matter was scheduled for appointment of counsel on November 18,

1994. At that time, an attorney was appointed for the defendant, but due to a conflict, the matter was rescheduled for appointment of counsel on November 28, 1994. Discovery was once again promptly provided to the defendant's counsel in conformity with the original certificate. On January 13, 1995, the defendant's counsel filed discovery motions. Thereafter, the defendant's case appeared on successive trial lists until his motion to dismiss was allowed.

In assessing the significance of these facts, certain fundamental principles must be kept in mind. Dismissal is not "appropriate if a defendant is at least partially responsible for delay." *Commonwealth* v. *Lauria*, 411 Mass. 63, 68 (1991). Furthermore, "[d]efendants in a criminal matter bear an 'obligation . . . to object to delay' and a 'responsibility to "press their case through the criminal justice system." ' " *Commonwealth* v. *Marable*, 427 Mass. 504, 507 (1998), quoting *Commonwealth* v. *Lauria, supra.* "[W]hen a defendant has not entered an objection to delay, he may be deemed to have acquiesced in the passage of time," *Commonwealth* v. *Lauria, supra,* citing *Commonwealth* v. *Farris,* 390 Mass. 300, 305 (1983), and "a disinterested attitude by a defendant in the progress of his case can permit a finding of acquiescence." *Commonwealth* v. *Lauria, supra.* We have said that "[t]his is particularly true in the smaller counties," *Commonwealth* v. *Marable, supra* at 508, such as Berkshire County where these indictments were pending.

The court sweeps away these principles, suggesting that they have no application unless and until a defendant is represented by counsel. The court proceeds then to support its avoidance of the principles by reference to general formulations of law as to the right of counsel stated in *Gideon* v. *Wainwright,* 372 U.S. 335, 344-345 (1963), based on which the court concludes that "[u]nrepresented by counsel, the defendant [here] could not be expected to navigate the complex criminal justice system." *Ante* at 206. But this overarching conclusion misses the point. The crux of the problem is whether a defendant who is expressly told to go to the local probation office and make arrangements for appointment of counsel can choose (the record strongly suggests deliberately on the defendant's part) not to make a simple trip to the courthouse, undoubtedly aware that the further away he remains from the courthouse the more likely any resulting delay might ultimately benefit him. Surely, the trip to the courthouse expected of the defendant did not require him (in

any meaningful sense of the phrase), as the court suggests, to "navigate the complex criminal justice system."

The record calls for the rule 36 problem to be considered as follows:

(a) Between August 5, 1993, and October 27, 1993, the Commonwealth could have assumed that the defendant's legal representation was in a gray zone and constituted delay for which the defendant should reasonably be held responsible. See *Commonwealth* v. *Marable, supra* at 506; *Commonwealth* v. *Wysocki,* 28 Mass. App. Ct. 45, 48 (1989). This is so because, despite a limited appearance, Ascher continued to deal with the defendant on whether he would represent him throughout the case. Ascher indicated that, during this period, he had "attempted to resolve my relationship with [the defendant] on a number of occasions, but we have been unable to reach an accord," and, as of October 27, 1993, he (Ascher) was formally bowing out of the case. The intimation here is powerful that Ascher and the defendant were discussing fee or other arrangements that eventually were not resolved. This period should be excluded.

(b) In addition, the Commonwealth was aware that Ascher had expressly directed the defendant to make contact with the probation department in order to apply for court-appointed counsel, and that the defendant had indicated his intention to do so. The defendant failed without explanation to take any action to obtain counsel. Clearly, some period of time following October 27, 1993, constituted delay for which the defendant was responsible. See *Barry* v. *Commonwealth,* 390 Mass. 285, 292 (1983).

(c) For the same reasons, the defendant also bears some responsibility for the time period between September 1, 1994, when he was once again urged by Ascher to go to the probation department to obtain appointed counsel, and November 14, 1994, the date the defendant received the letter from the court clerk's office regarding assignment of counsel. The defendant was told by Ascher to act "immediately" and that the issue of counsel "is a very important matter [which] should be dealt with [by you] upon receipt of this letter." There is no indication that the defendant made any effort to obtain counsel, or hint of an explanation for his failure, despite the urgency expressed by Ascher, and the additional warning given to the defendant that his case could be reached for trial as early as the following week.

(d) The Commonwealth also relies, I think appropriately, on *Commonwealth* v. *Marable, supra* at 507-508, to argue that the time between September, 1994, through the date of the defendant's motion to dismiss should be excluded from rule 36 calculations. During this period, the defendant's case was placed on each month's trial list. "At no time did the defendant object, bring [his] motion for a speedy trial, or move to dismiss" until May 2, 1995, after he was notified that his case was the fourth case on the trial list, and trial was imminent. *Commonwealth* v. *Marable, supra* at 507.

(e) Furthermore, nearly two months after new counsel for the defendant was appointed, this counsel filed pretrial motions, well beyond one year from the date of the defendant's arraignment. Rather than raise an objection to any delay at the time of the appointment of his new counsel, or at any subsequent time, the defendant waited until "the eve of trial," and then filed a motion to dismiss to entrap the Commonwealth.

The court's decision ignores the defendant's purposeful decision to let his case drift in the hope that it might go away. As the result of the defendant's decision to avoid a trip to the probation office, the Commonwealth has been unfairly penalized, and the defendant awarded a free pass on serious drug charges that would call for mandatory minimum sentences on his conviction.