COMMONWEALTH *vs.* ARTHUR W. SPAULDING.

Suffolk. October 9, 1991. - January 2, 1992.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Speedy trial, Dismissal.

A criminal defendant who had not been brought to trial within twelve
months after his arraignment as required by Mass. R. Crim. P. 36 was
entitled to have the indictments against him dismissed where, although
the Commonwealth showed that a number of days were excludable in
the computation of rule 36 time either because the defendant specifi-
cally agreed to continuances, had pretrial motions pending, or acqui-
esced in some other way in the delay [506-509], the Commonwealth
was still twenty-one days short of the number of days it was required to
justify under the rule [509-510].

INDICTMENTS found and returned in the Superior Court
Department on January 17, 1986.

A motion to dismiss was heard by *Robert A. Mulligan,* J.,
and the cases were tried before *John J. Irwin, Jr.,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Paul G. Kolesnikovas* for the defendant.

*Mark D. Zanini,* Assistant District Attorney (*Daniel F.
Conley,* Assistant District Attorney, with him) for the
Commonwealth.

GREANEY, J. The defendant, Arthur W. Spaulding, was in-
dicted by a grand jury in January, 1986, on charges of ag-
gravated rape and armed robbery, and he was arraigned on
those indictments in March, 1986. When, by June, 1988, he
had not yet been tried on the charges, he filed a motion to
dismiss them on the ground that he had not been brought to
trial within twelve months of his arraignment as required by
Mass. R. Crim. P. 36 (b) (1), 378 Mass. 909 (1979), and on

the ground that he was entitled to dismissal for prejudicial delay under Mass. R. Crim. P. 36 (c), 378 Mass. 909 (1979), because the conduct of the prosecuting attorney was unreasonably lacking in diligence. The defendant's motion was denied, and he was subsequently convicted by a jury.[1] On appeal, he claims error in the denial of his motion to dismiss.[2] We transferred the case to this court on our own motion, and we now conclude that the defendant's rule 36 motion should have been allowed.

Under Mass. R. Crim. P. 36,[3] a criminal defendant who is not brought to trial within one year of the date of arraignment is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay. The delay may be excused by a showing that it falls within one of the "[e]xcluded [p]eriods" provided in rule 36 (b) (2), or by a showing that the defendant acquiesced in, was responsible for, or benefited from the delay. *Commonwealth* v. *Lauria*, *ante* 63, 68 (1991). *Commonwealth* v. *Mattos*, 404 Mass.

---

[1]The defendant was tried on two indictments charging three counts of aggravated rape and was convicted on all counts. Of his two indictments charging armed robbery, he was convicted on one count and acquitted on the other. He was sentenced on each conviction to a term of from twenty to thirty years, the sentences to run concurrently with a term of from ten to fifteen years the defendant was already serving for a prior rape conviction.

[2]The defendant argues that the judge also erred in denying his motion for dismissal on the ground of prejudicial delay, and he claims a further violation of rule 36 when, following the denial of his motion to dismiss, there was additional delay in bringing him to trial. Because we decide this case on the basis of the defendant's motion to dismiss under rule 36 (b), we need not reach the other issues.

[3]Rule 36 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 909 (1979), states in pertinent part, "[A] defendant shall be tried within twelve months after the return day in the court in which the case is awaiting trial . . . If a defendant is not brought to trial within the time limits . . . he shall be entitled upon motion to a dismissal of the charges." The return day is the date of arraignment. See Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979).

During the period between his arraignment and trial in this case, the defendant was serving a prison sentence for a separate offense, see note 1, *supra.* Rule 36 (d) makes the time limitations set forth in rule 36 (b) applicable to persons serving terms of imprisonment.

672, 674-675 (1989). *Barry* v. *Commonwealth*, 390 Mass. 285, 297 (1983). The defendant was arraigned on March 7, 1986; his trial, therefore, should have begun by March 7, 1987. On June 8, 1988, the date when the parties stipulated that the running of time under rule 36 was tolled,[4] the Commonwealth was 458 days over the due date and needed to justify that number of excludable days.

In denying the motion to dismiss, the judge ruled that, because the defendant had not objected to any delays in the progress of his case from the time of his arraignment in March, 1986,[5] until February 19, 1988 (when he objected to a continuance granted because a witness was unavailable), the entire period preceding the defendant's first objection to delay was to be excluded from rule 36 calculations. This ruling was erroneous.

It is true that criminal defendants are obligated to object to delays in order to "press their case through the criminal justice system," *Barry* v. *Commonwealth*, *supra* at 297, and that in many circumstances the failure of a defendant to object to a delay may properly be considered to be acquiescence in the delay and therefore not chargeable against the Commonwealth. In *Commonwealth* v. *Lauria*, *supra* at 68-69, the defendants were held to have acquiesced in delay by failing to inquire about the status of motions they had filed. In *Commonwealth* v. *Dias*, 405 Mass. 131, 139 (1989), and *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983), the defendants acquiesced in delay by failing to object to continuances granted by the court. In *Commonwealth* v. *Farris*, *supra* at 305-306, and in *Barry* v. *Commonwealth*, *supra* at

---

[4]The filing of a motion to dismiss tolls the running of rule 36 time, *Barry* v. *Commonwealth*, *supra* at 294, but the parties may stipulate to an earlier date, *Commonwealth* v. *Lauria*, *supra* at 66. The defendant's motion to dismiss was filed on June 23, 1988.

[5]The judge also erroneously referred to the return date in this case as March 7, 1987, instead of March 7, 1986, apparently because the parties made the same error in their statement of agreed facts. This factual error was immaterial to the judge's decision, since his reasoning would apply regardless of the actual return date. In making our own calculation, we will correct the error.

298 n.16, we held that a defendant who does not object when a trial date passes without any action being taken will be deemed to have acquiesced in that delay. However, we have never held that rule 36 time does not begin to run until the defendant first makes an objection. Such a holding would upset the balance of obligations envisioned by the rule, under which the "primary responsibility for setting a date for trial lies with the district attorney." *Barry* v. *Commonwealth, supra* at 296 n.13. *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. 45, 47 (1989). See also G. L. c. 278, § 1 (1990 ed.).[6]

In order to decide whether the time limits under rule 36 have run in this case,[7] it is necessary to consider in more detail the period of time between the defendant's arraignment and his filing of the motion to dismiss. The record consists of the docket and clerk's minutes, a statement of agreed facts, and other materials. For purposes of this analysis, the time is divisible into three periods. (An Appendix to the opinion contains a chronological listing.)

1. *March 7, 1986, to February 20, 1987.*[8] Nearly all of this first year following the defendant's arraignment may be excluded in the computation of rule 36 time. With the exception of the twenty-one days between the arraignment, on March 7, 1986, and a pretrial conference scheduled for March 28, 1986 (a period normally included in the calcula-

---

[6]General Laws c. 278, § 1 (1990 ed.), provides, in pertinent part: "At each session of the superior court for criminal business, the district attorney, before trials begin, shall make and deposit with the clerk, for the inspection of parties, a list of all cases to be tried at that session, and the cases shall be tried in the order of such trial list, unless otherwise ordered by the court for cause shown."

[7]An appellate court is "in as good a position as the judge below to decide whether the time limits imposed by the rule have run," *Barry* v. *Commonwealth, supra* at 289.

[8]In making our calculations, we are governed by rule 36 (b) (3) which provides: "In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event." See K.B. Smith, Criminal Practice and Procedure § 2277 (2d ed. 1983).

tion, see *Barry* v. *Commonwealth, supra* at 296 n.13), the balance of this period, totalling 329 days, may be excluded because the defendant specifically agreed to continuances,[9] or had pretrial motions pending, thus excluding the time under Mass. R. Crim. P. 36 (b) (2) (A) (v).

2. *February 21, 1987, to February 18, 1988.* This period contains some excludable days attributable to the defendant's acquiescence; however, most of the time must count toward the rule 36 time limit because of the Commonwealth's failure to prosecute the case.

On February 20, 1987,[10] the court granted a continuance, to which the defendant did not object, and set the case for trial on February 24, 1987; there is no docket entry for that date. The next docket entry, March 4, 1987, shows another continuance by the court to March 9 for trial; there is no docket entry for March 9. The defendant argues that, because the delay during this period was largely the result of court congestion, it should not be excluded from the computation of rule 36 time. While normally court congestion is not a sufficient justification for the denial of the right to a speedy trial, see *Commonwealth* v. *Beckett*, 373 Mass. 329, 332-333 (1977), as we held in *Commonwealth* v. *Conefrey*, 410 Mass. 1, 5 (1991), "reasons of court congestion may be adequate to excuse delay when . . . a defendant has agreed to a continuance based on congestion, rendering him at least partially responsible for the delay." We think a similar result is justified when a defendant allows a scheduled trial date to pass without objection, and we hold that the defendant acquiesced in this delay. See *Barry* v. *Commonwealth, supra* at 298 n.16;

---

[9]On appeal, the defendant argues that, according to the docket, two continuances granted in February, 1987, were not by agreement, but were rather "by order of the Court," and therefore should be included in the calculation of rule 36 time. The statement of agreed facts, however, indicates that the defendant agreed to the continuances. The docket entries may be supplemented or rebutted by other evidence, *Commonwealth* v. *Mattos, supra* at 677; in any event, the defendant failed to object to the granting of these continuances.

[10]The count of excludable days for this period begins on February 21, since February 20 has been once excluded.

*Commonwealth* v. *Farris, supra* at 305-306. The period of his acquiescence lasted from February 25, the day following the scheduled trial date, until April 3, 1987, when the case was transferred for April sitting; at that point, the responsibility for scheduling the case for trial again passed to the Commonwealth.

After the case was transferred for the April sitting, no activity occurred from April 3, 1987, until October 27, 1987, when, according to the statement of agreed facts, the case was continued to November 2, 1987, for trial at the request of the Commonwealth and without objection by the defendant.[11] Because it is the prosecutor who controls the setting of cases for trial, this seven-month period is chargeable to the Commonwealth under rule 36 time limits.

The defendant did not enter an objection when the new date set for trial, November 2, passed; therefore, he may be charged with acquiescence until November 23, on which date the case was continued "for status." At this point, responsibility for this case again passed to the Commonwealth. There was no activity in this case from November 23, 1987, until February 18, 1988, when a judge ordered the case returned to the first criminal session for a status date. This three-month delay is included in the rule 36 calculations.

During this period, a total of sixty-nine days may be excluded from the computation of rule 36 limits.

3. *February 19, 1988, to June 8, 1988.* On February 19, 1988, the court granted a continuance to the Commonwealth because one of the witnesses was unavailable to testify at

---

[11]On this point, there is a discrepancy between the statement of agreed facts and the docket. The agreed statement shows that on November 8, 1987, the defendant filed a motion to examine the "rape kit." The docket, however, indicates that this motion was filed on October 8, 1987, and that a continuance was granted until October 26, for examination of the kit. We regard the statement of agreed facts as determinative, see note 9, *supra.* Because the parties agree that the defendant was not informed of the existence of the rape kit until late in 1987, if a continuance were granted in October, 1987, for the defendant to examine the kit, it should not stop the running of rule 36 time. Therefore, we do not regard this discrepancy as material.

trial. The defendant did object to this delay; the continuance, however, was properly granted under rule 36 (b) (2) (B).[12] The case was continued to March 28, 1988. According to the statement of agreed facts, on that date, "the case was sent out to a session. Soon after, the district attorney had the case sent to another session because the former session was turned into a 'homicide session.' " By June 8, 1988, when the parties stipulated that the running of rule 36 time was tolled in order for the judge to consider the defendant's motion to dismiss, the case had not yet been called. Because the defendant objected to the continuance granted because of the witness's unavailability, we think that the responsibility for bringing the defendant to trial following that continuance should fall on the Commonwealth.

During this period, therefore, thirty-nine days may be excluded from the rule 36 calculations.

In conclusion, after excluding from the computation all the time that rule 36 and the case law contemplate should be the responsibility of the defendant, the Commonwealth has justified 437 days and is still twenty-one days short of the number of days it is required to excuse.

The Commonwealth relies almost exclusively on the rationale of the judge that no delay is chargeable to the Commonwealth until the defendant first objects, and has offered no explanation for the delays in this case other than the defendant's acquiescence. No argument is made, either in the Commonwealth's opposition to the defendant's motion or on appeal, that the defendant benefited by the delay or that the defendant was not ready for trial, see *Commonwealth v. Lauria, supra* at 67-71.[13]

---

[12]Rule 36 (b) (2) (B) provides that "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness" is to be excluded in computing the time within which a trial must commence.

[13]In this case, the only indications of benefit by the defendant or unreadiness on his part were (1) the motion filed by the defendant in connection with the rape kit (November, 1987); (2) a motion for expense for DNA testing filed in August, 1988 (after the motion to dismiss); nothing came of the motion because the samples were found to be too old to test; (3) the

The circumstances of this case are unlike those in *Commonwealth* v. *Lauria*, where, during a delay caused by the pendency of the defendants' pretrial motions, the prosecutor diligently brought the case to the judge's attention. In that case, we held that the public interest would "be frustrated by a rigid application of rule 36 where the prosecution has behaved responsibly," *id.* at 70. In this case, an assessment of "counsel's respective degrees of·interest and activity in assisting the court to provide a speedy trial," *id.* at 70, discloses the Commonwealth's performance to be wanting in a case which, even granting every indulgence to the Commonwealth, took an extraordinary length of time to bring to trial. The rule requires that the indictments in this case be dismissed.

The judgments of conviction are reversed and the verdicts set aside. The order denying the motion to dismiss the indictments on which the defendant was convicted is vacated, and an order is to enter allowing the motion to dismiss as to those indictments.

*So ordered.*


APPENDIX.

| Time Period | Days Excluded | Days Included |
|---|---|---|
| 1. March 8, 1986 - March 28, 1986 Establishment of date for pretrial conference report and motions. Not excludable (see *Barry* v. *Commonwealth, supra* at 296 n.13). | | 21 days |
| 2. March 29, 1986 - February 4, 1987 Continuances by agreement and pendency of pretrial motions excludable under rule 36 (b) (2) (A) (v). | 313 days | |
| 3. February 5, 1987 - February 20, 1987 Continuances by agreement. | 16 days | |

reluctance of one of the witnesses to testify at trial (she did testify, however).

Commonwealth *v.* Spaulding.

| | | | |
|---|---|---|---|
| 4. | February 21, 1987 - February 24, 1987<br>Continuance to which defendant did<br>not object. | 4 days | |
| 5. | February 25, 1987 - April 3, 1987<br>Defendant acquiesced in delay by<br>allowing trial date to pass without<br>objection (see *Barry* v. *Commonwealth*, *supra* at 298 n.16). | 38 days | |
| 6. | April 4, 1987 - October 27, 1987<br>No activity after case transferred<br>on April 3, for April sitting. | | 207 days |
| 7. | October 28, 1987 - November 2, 1987<br>Case continued to November 2, for<br>trial at request of Commonwealth<br>and without objection by defendant. | 6 days | |
| 8. | November 3, 1987 - November 23, 1987<br>Defendant acquiesced in delay by<br>allowing trial date to pass without<br>objection. | 21 days | |
| 9. | November 24, 1987 - February 18, 1988<br>No activity after case continued to<br>November 23 for status. | | 87 days |
| 10. | February 19, 1988 - March 28, 1988<br>Continuance granted because of un-<br>availability of witness excludable<br>rule 36 (b) (2) (B). | 39 days | |
| 11. | March 29, 1988 - June 7, 1988<br>No activity after case sent to new<br>session. | | 71 days |
| 12. | June 8, 1988<br>Parties stipulated that running of<br>time under rule 36 would be tolled<br>for purposes of defendant's motion<br>to dismiss. | | |
| TOTAL | | 437 | 386 |
| | | (21 days<br>under<br>458 days<br>required<br>to justify) | (21 days<br>over<br>365-day<br>limit of<br>rule 36) |