COMMONWEALTH *vs.* DAVID FLEENOR.

No. 94-P-1926.

Essex. June 8, 1995. - July 31, 1995.

Present: SMITH, JACOBS, & IRELAND, JJ.

*Practice, Criminal*, Speedy trial, Dismissal.

A District Court judge incorrectly dismissed complaints for violation of the provisions of Mass.R.Crim.P. 36, where the record of the proceedings demonstrated that the defendant did not object to the continuances of the trial dates and that therefore the defendant had acquiesced in the delay. [27-28]

There was no merit to a criminal defendant's motion to dismiss complaints, where the alleged exculpatory evidence allegedly lost or destroyed by the Commonwealth still existed and was available. [28]


COMPLAINT received and sworn to in the Gloucester Division of the District Court Department on May 11, 1992.

On transfer to the jury session of the Peabody Division, a motion to dismiss was heard by *Robert A. Cornetta*, J.

*Sherry V. Smith*, Assistant District Attorney, for the Commonwealth.

*Louis J. Muggeo* for the defendant.

SMITH, J. On May 9, 1992, the defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor (G. L. c. 90, § 24) and failing to drive within marked lanes (G. L. c. 89, § 4A[1]). On May 11, 1992, he was arraigned in the Gloucester District Court at which time the case was continued for a pretrial conference to May 26, 1992. The defendant was released on personal recognizance. The case was then continued to July 3, 1992, for "election." The defendant elected a jury trial, and the

---

[1]Violation of G. L. c. 89, § 4A, is a criminal misdemeanor punishable by a fine. G. L. c. 89, § 5. See *Patrican* v. *Garvey*, 287 Mass. 62, 64 (1934); *Hubbard* v. *Conti*, 321 Mass. 743, 744 (1947).

matter was transferred to the Peabody jury session of the District Court Department. On August 31, 1992, the case was the subject of a conference and was scheduled for a jury trial on December 16, 1992.

On December 16, 1992, the defendant appeared with counsel ready for trial. The case was continued to April 8, 1993, because all the jury sessions were busy with trials. On April 8, 1993, the defendant and counsel appeared, and the case was continued again for the same reason to September 15, 1993, for trial. On September 15, 1993, again the defendant and counsel appeared, and the case was continued because of court congestion to March 8, 1994.

On March 8, 1994, the defendant and counsel appeared ready for trial. The matter was continued in order for the defendant to file a motion to dismiss the complaint on the ground that there was a violation of Mass.R.Crim.P. 36, 378 Mass. 909 (1979).

The motion was filed on March 29, 1994. In his memorandum of decision the judge found that a lack of judicial resources resulted in the four trial date continuances. The judge also found that there was no waiver of the defendant's right to a speedy trial because "the continuances were not assented to by the defendant." The judge ruled that there was a violation of rule 36 and dismissed the complaint.[2]

"Rule 36 (b) provides that . . . a defendant 'shall be tried within twelve months after the return day,' and if the defendant is not brought to trial within that period, as extended by subdivision (b) (2) of the rule, the defendant 'shall be entitled upon motion to a dismissal of the charges' . . . . [T]he twelve-month period provided by rule 36 (b) is extended not only by subsection (b) (2) providing for 'excluded periods,' but also by periods of delay in which a defendant acquiesces, for which he is responsible, or from which he

---

[2]The defendant makes no claim that the delay violated his constitutional rights under the Sixth Amendment to the United States Constitution or art. 11 of the Massachusetts Declaration of Rights, nor does he allege that he suffered any prejudice as a result of the delay pursuant to Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979). See *Barry* v. *Commonwealth*, 390 Mass. 285, 299 n.19 (1983).

benefits." *Commonwealth* v. *Campbell*, 401 Mass. 698, 702 (1988).

Here, the return day was May 11, 1992, the day that the defendant was arraigned. See Mass.R.Crim.P. 2(b) (15), 378 Mass. 846 (1979). The date that the judge dismissed the complaint was April 7, 1994. That period totals 697 days and exceeds the twelve-month requirement of rule 36 by 332 days. Thus, the defendant has made out a prima facie case of a violation of rule 36(b). "To overcome the motion to dismiss, the Commonwealth had the burden of justifying a delay of [332] days beyond the one year period allowed by the rule." *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. 45, 46 (1989). The Commonwealth claims that it met its burden because the record demonstrates that the defendant did not object to the continuances of the various trial dates, and, therefore, acquiesced in the delays.

There is no question that court congestion created the unfortunate delays in this matter. "[R]easons of court congestion may be adequate to excuse delay when . . . a defendant has agreed to a continuance based on congestion, rendering him at least partially responsible for the delay." *Commonwealth* v. *Conefrey*, 410 Mass. 1, 5 (1991).

In order to meet its burden, the Commonwealth does not have to demonstrate that the defendant assented, on the record, to the various continuances of the trial dates. Rather, it has been held that under rule 36, it is "the obligation of defense counsel to *object* to delay" (emphasis supplied). *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983). See also *Commonwealth* v. *Dias*, 405 Mass. 131, 139 (1989) (defense counsel is required to object to delay). Lack of an objection to a continuance of a scheduled trial date shows that the defendant has acquiesced in the delay. *Commonwealth* v. *Spaulding*, 411 Mass. 503, 507 (1992).[3]

---

[3]In *Commonwealth* v. *Spaulding, supra* at 507-509, the court held that a defendant did not acquiesce in a delay where no trial date had been scheduled. Here, trial dates were scheduled and it was the continuance of the trial dates without objection that demonstrates that the defendant agreed to the delay.

We have examined the docket and a transcript of the December 16, 1992, April 8, 1993, and September 15, 1993, proceedings concerning the continuances of the scheduled trial dates. See *Barry* v. *Commonwealth*, 390 Mass. at 289 ("When a claim is raised under rule 36, the docket and minutes of the clerk are prima facie evidence of the facts recorded therein"). There were no objections by defense counsel to the various continuances of the trial dates. Therefore, we rule that the defendant acquiesced in the delay. See *id.* at 298 n.16. Because the excluded periods exceed 332 days, the judge committed error in allowing the motion to dismiss.[4]

The defendant also argues that the allowance of his motion was proper because the Commonwealth lost or destroyed exculpatory evidence. Apparently, a videotape of the defendant's booking at the police station had been made by the police. The defendant requested a copy of the videotape. The purpose of the request for a copy was to delete the portion of the tape which showed the defendant's refusal at the police station to take a breathalyzer test. On March 8, 1994, the defendant discovered that the copy was defective. However, there was no loss or destruction of exculpatory evidence. The original videotape was available and could have been used with the audio portion turned down at the critical part of the booking.

The order dismissing the complaints is vacated, and the case is remanded to the District Court.

*So ordered.*

---

[4]In an affidavit submitted to the motion judge, defense counsel states that "on each occasion a continuance was allowed, I made specific objection to said continuance for Rule 36 purposes." At argument, defense counsel explained that he made his objection to the session clerk at the time he and the prosecutor were attempting to agree on a new trial date. Defense counsel stated that the procedure he followed was "local practice." We cannot consider "local practices" in determining whether there is a violation of rule 36. In order to insure that an objection is noted, it should be made on the record or counsel should file a written objection, with a copy to the Commonwealth.