## COMMONWEALTH *VS.* PETER MURPHY.

No. 00-P-1781.

Plymouth. February 15, 2002. - June 25, 2002.

Present: JACOBS, KASS, & BERRY, JJ.

*Practice, Criminal,* Speedy trial, Dismissal.

Discussion of the principles of Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979), which sets forth the time standards for a speedy trial for criminal defendants. [333-334]

A criminal defendant who did not come to trial until 812 days after his arraignment was entitled to dismissal of the indictments against him, pursuant to Mass.R.Crim.P. 36(b)(1)(C), where defense counsel, who failed to file a written motion for a speedy trial but made efforts with the session clerks to bring the case up for trial, could not be said to have passively acquiesced in the delay, and where more than 365 delay days were chargeable to the Commonwealth. [334-336]

INDICTMENT found and returned in the Superior Court Department on January 2, 1998.

A motion to dismiss was heard by *Patrick F. Brady,* J., and the case was tried before him.

*Matthew V. Soares* for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

KASS, J. Peter Murphy did not come to trial until 812 days after his arraignment for assault and battery by means of a dangerous weapon, a charge of which he was convicted by a jury. His claim of error on appeal is that he was entitled to allowance of his motion to dismiss the indictment against him on the ground that, in violation of Mass.R.Crim.P. 36(b)(1)(C), 378 Mass. 910 (1979), he was not brought to trial within twelve months of "the return day in the court in which the case is awaiting trial." We conclude that more than 365 delay days are chargeable to the Commonwealth, and that Murphy was entitled

to allowance of his motion to dismiss. It is not necessary to consider the other issues that Murphy raises.

1. *Principles of the rule.* A defendant may not, for purposes of a motion to dismiss under rule 36, include in the calculation of the aggregate period of delay those delay days to which the defendant has contributed or those to which he has not objected. *Commonwealth* v. *Marable*, 427 Mass. 504, 507-508 (1998). Time consumed by defense motions, such as motions to suppress or motions for discovery, and, obviously, defense motions for a continuance, is excludable under Mass.R.Crim.P. 36(b)(2), 378 Mass. 910 (1979).[1] *Barry* v. *Commonwealth*, 390 Mass. 285, 298 (1983). If the defendant acquiesces in delay days, those too are excludable. *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. 25, 27-28 (1995). A defendant in a criminal case is responsible for pressing his case and may not passively watch the clock tick off a year and claim the benefit of the rule. *Commonwealth* v. *Lauria*, 411 Mass. 63, 68 (1991). *Commonwealth* v. *Marable*, *supra* at 507-508.

Yet, the government is not without responsibility for taking steps to bring the case forward, particularly by setting a trial date. *Commonwealth* v. *Spaulding*, 411 Mass. 503, 505-506 (1992). In that case, there had been a series of continuances and other delays that were chargeable to the defendant. Almost two years after arraignment, the prosecution asked for a continuance because a witness was unavailable. Defense counsel objected to the motion for a continuance. The motion was properly allowed, but the court in the *Spaulding* case thought that the defense's resistance to that motion was enough to impose on the Commonwealth the obligation to get the case to trial. It was not necessary for the defense, thereafter, to object to further passage of time or to move for a speedy trial. *Id.* at 509-510. In *Commonwealth* v. *Lasher*, 428 Mass. 202 (1998), the defendant floundered for more than twelve months without counsel and the majority of a divided court thought it was not reasonable to

---

[1]Rule 36(b)(2)(F) of the Massachusetts Rules of Criminal Procedure excludes periods of delay resulting from continuances if the judge sets forth findings that the continuance serves the ends of justice. The findings may be made orally. The record furnished to us does not provide a basis for ascertaining whether the requisite findings were made, and we proceed on an assumption of regularity in the proceedings.

expect an unrepresented defendant to navigate through — much less pressure — the prosecutorial and trial systems. *Id.* at 204, 206. For that reason, the majority imposed on the government the responsibility of bringing the defendant to trial within twelve months of arraignment and, because of its failure so to do, ordered dismissal of the indictments.[2]

2. *Application of the rule.* The underlying crime occurred at the Old Colony Correctional Center on August 13, 1997. Murphy was arraigned on January 15, 1998. Various motions followed: some for a continuance (most by defense counsel and some acquiesced in by defense counsel); several — by the defense — for discovery. On appeal, Murphy does not contest that this phase of the proceedings lasted through November 19, 1998, and that the 268 days between January 15, 1998, and November 19, 1998, are excludable under Mass.R.Crim.P. 36(b)(2). *Barry* v. *Commonwealth,* 390 Mass. at 298. *Commonwealth* v. *Fleenor,* 39 Mass. App. Ct. at 27-28. Thereafter, the case slumbered on a Superior Court trial list in Plymouth County until December 23, 1999. What stirred the case from its dormant state were two pro se motions filed on that date by the defendant Murphy. The first motion asked dismissal of the charges against him for failure to provide a speedy trial, as rule 36 and constitutional standards require. The second motion asked for appointment of new counsel.

Murphy's handwritten pro se motion revived his case, his appointed counsel,[3] the prosecution, and the managers of the Plymouth Superior Court trial list. Defense counsel moved for a speedy trial on March 20, 2000. By that display of action he was restored to his client's good graces.[4] The case came on for trial within three weeks, on April 7, 2000. Before jury selection, the defense pressed the rule 36 motion. In colloquy with the

---

[2]The court proceeded on the basis that out of 634 days of delay there was a block of more than 365 days in which the defendant was without representation and during which the Commonwealth did not act to bring the case to trial.

[3]Counsel on appeal is not the same lawyer as trial counsel.

[4]Murphy waived his motion for the appointment of new counsel in open court during motion business conducted preliminary to his trial. Asked by the judge about his motion for appointment of new counsel, Murphy replied: "No. I'm satisfied with my present counsel I have now."

trial judge, defense counsel said that "I spoke to [the prosecutor] a number of times about this case and I spoke to the clerk about this case a number of times trying to get some actions on it. . . . I have spoken to the clerks over time. I told them and at each time I was always ready for this case. . . ." The judge turned to the prosecutor for his take on what had happened. "Well," the prosecutor responded, "it's not much different from [defense counsel's] take on what happened, your Honor. The case has sat on this list for a long, long time. Why our number hasn't been called sooner, I don't know. I can tell the Court I've discussed the case, as [defense counsel] has, with the clerks."

We apply to these facts the entrails of the cases discussed in part 1 of this opinion. It would surely have been better if defense counsel had filed a written motion for a speedy trial. The defendant's pro se motion to dismiss demonstrates that it is possible to catch the system's attention. Apprehension about the possibility of a fatal rule 36 violation apparently helped to concentrate the minds of everybody involved. This was not a case, however, in which the defense was wholly passive. Both sides agree that defense counsel made efforts with the session clerks to bring the case up for trial and stated that he was ready. The assistant district attorney did so as well.[5] Those facts place the case more in the category described in *Commonwealth* v. *Spaulding*, 411 Mass. at 506-508. Although *Barry* v. *Commonwealth*, 390 Mass. at 298 n.16, says that if a trial date passes without entry of an objection by the defendant, the defendant is deemed to have acquiesced in the delay, the *Spaulding* opinion, at 506, says that if rule 36 were held never to begin to run until the defendant first makes an objection, "the balance of obligations envisioned by the rule" would be upset. No specific trial date was passed. Other cases jumped ahead of the Murphy case on the list.

The Reporters' Notes to Mass.R.Crim.P. 36(a)(2)(B), Mass. Ann. Laws, Rules of Criminal Procedure at 339 (Lexis 1997),

---

[5]The docket and clerk's minutes are prima facie evidence of events in the progress of a case. *Barry* v. *Commonwealth*, 290 Mass. at 289 & n.7. In this case, the recollections of the prosecutor and defense counsel do not contravene what appears on the docket, and we give them weight because they are in harmony.

comments that G. L. c. 278, § 1, as amended by St. 1974, c. 228, "establishes burdens on the prosecutor who is to keep current the list of cases to be tried and on the court which is to have the ultimate responsibility for the timely trial of those cases."[6] See *Commonwealth* v. *Spaulding*, 411 Mass. at 508 ("it is the prosecutor who controls the setting of cases for trial"). That burden is not on the defendant. Accordingly, the period from November 20, 1998, to April 7, 2000, when the case lingered on the trial list, leaves the Commonwealth chargeable with more than 365 delay days.[7]

The plaintiff is entitled to allowance of his motion to dismiss the charges. The order denying the defendant's motion to dismiss the indictments is vacated.[8] The judgment is reversed and order shall be entered dismissing the indictment on which the defendant was convicted.

*So ordered.*

---

[6]Under Mass.R.Crim.P. 36(f)(2), 378 Mass. 913 (1979), the clerk of the Superior Court of each county is to notify the Administrative Justice for the Superior Court Department "of the status of all cases which have been pending in that court for six months or longer . . . ." By talking to the session clerks about his readiness to try the case, defense counsel pressed the start button on the statutory machinery as amplified by the rule and interpreted by the Reporters' Notes. Our acknowledgment of defense counsel's activity is not tantamount to an endorsement. A letter to the clerk (rather than session clerk) expressing readiness for trial, with a copy to the district attorney would be better, and, as we have said, a motion for speedy trial would be best.

[7]The defendant had no benefit from the trial delay, a consideration that the cases have commented upon; he was already serving a sentence for another crime.

[8]Three indictments were handed up against the defendant. He was acquitted on two of them.