Fabricant, J.
The defendant is charged with multiple counts of rape and related offenses, arising out of a series of incidents with a former girlfriend. He is presently being held without bail under an order issued by the District Court on May 28, 2004.[1] Presently before the Court is the defendant’s request that the Court review his present bail status and reinstate his previous bail. That request raises issues regarding interpretation of G.L.c. 276, §§58, 58A, and 58B, as well as application of Mass.R.Civ.P. 36(b)(2).
BACKGROUND
The defendant came before this Court for arraignment on February 12, 2004. The Court at that time ordered his release on $5,000 cash bail, with conditions pursuant to G.L.c. 276, §58A. The docket reflects that a pre-trial conference was scheduled for March 18, 2004, but “not reached by Court.” The pre-trial conference occurred on April 20, 2004, at which time the Court allowed the Commonwealth’s motion for production of a blood and/or saliva sample for the purpose of DNA testing. Such a sample was provided, counsel have informed the Court, later that same month. Counsel have further informed the Court that results of that testing remain outstanding, and are expected within the next few weeks. The next scheduled event was a hearing on non-evidentiaiy motions, set for June 17, 2004; the docket indicates “event not heldreq of defendant.” The docket indicates that such a hearing was held on August 17, 2004, but that the defendant had not as of that date actually filed any such motions. The next scheduled event was a further hearing on September 9, 2004, which, the docket reflects, was “not reached by Court.”[2] It further appears, however, that the defendant still had not filed non-evidentiaiy motions; he did so on September 23, 2004. The defendant next came before the Court on October 18, 2004, for review of his bail status and for further hearing on non-evidentiaiy motions; that proceeding was then continued until October 22, 2004.[3] After resolution of those discoveiy motions that the defendant has filed thus far, the Court has scheduled the case for further hearing on additional anticipated non-evidentiaiy motions of the defendant on November 16, 2004. At the hearing on October 22, 2004, apparently for the first time, although the record is hardly clear on the point, the defendant objected to any further delay as well as to all periods of delay thus far.
During the pendency of these proceedings, the defendant incurred a new charge of assault and batteiy, arising in May of 2004. At his arraignment on that charge in the District Court on May 28, 2004, that Court ordered his bail on this case revoked, relying on G.L.c. 276, §58B. This Court’s records do not reflect any notice to this Court of that action, and Counsel for both sides in this case report that they received no notice, although the defendant acknowledges that he was represented in the District Court by separate counsel, assigned for the assault and batteiy charge in that Court. Thus, the defendant has now been held on this case, without bail, since May 28, 2004, without any action having been taken in this Court with respect to his bail status.
The defendant contends the District Court lacked authority to revoke his bail on this case under c. 276, §58B, so that the purported revocation is void, and further, that even if his bail was properly revoked, his detention has already far exceeded the ninety-day limit set under that statute. Accordingly, he contends, he is entitled to be released on bail. The Commonwealth, not surprisingly, disagrees; it contends that the District Court is empowered to revoke bail on a Superior Court case under §58B when a defendant is before that Court on a new charge; that good cause exists for its failure to bring the case to trial to date; and that all or virtually all of the time that has passed since the revocation of his bail on May 28, 2004, is subject to exclusion under Mass.R.Crim.P. 36(b)(2).
DISCUSSION
1. The District Court’s Authority Under G.L.c. 276, §58B
The defendant’s argument that the District Court lacks authority to revoke bail in a Superior Court case under c. 276, §58B, rests on a slight variation in wording between that section and §58. Section 58, which governs bail generally, provides that when “a person is on release pending the adjudication of a prior charge, and the court before which the person is charged with committing a subsequent offense” makes specified findings, “the court may revoke bail on the prior charge and may order said person held without bail pending the adjudication of said prior charge, for a period not to exceed sixty days.” Thus, that statute expressly authorizes the District Court to revoke a Superior Court bail when a defendant comes before the District Court charged with a new offense.
Section 58B is not quite so express on the question of the powers of the various courts before which a defendant might appear. It provides that, “A person who has been released after a hearing pursuant to *508 section fifty-eight A and who has violated a condition of his release, shall be subject to a revocation of release and an order of detention. The judicial officer shall enter an order of revocation and detention if after a hearing the judicial officer” makes specified findings. The section goes on to provide that, “Upon the person’s first appearance before the judicial officer in the court which will conduct proceedings for revocation of an order of release under this section, the hearing concerning revocation shall be held immediately,” unless a continuance is sought, in which case certain time limits apply.
Section 58B does not define “the judicial officer.” The phrase appears to relate back to §58A, which directs “the judicial officer” before whom a person charged with a listed offense appears in either the Superior Court or the District Court, upon motion of the Commonwealth, to hold a hearing to determine whether “conditions of release will reasonably assure the safety of any other person or the community.” Section 58A requires that such hearing be held “immediately upon the person’s first appearance before the court,” unless continued in accord with specified requirements. The defendant contends that “the judicial officer” referred to in §58B must be in the same Court as “the judicial officer” who ordered the person released under §58A;[4] otherwise, the defendant suggests, the legislature would have used the same language it used in §58, which expressly authorizes revocation in “the court before which the person is charged with committing a subsequent offense.” The difference in wording is real, and not readily explained, but this Court is not inclined to adopt the defendant’s interpretation. If the legislature had intended to limit revocation to the Court that ordered release, it could have said so expressly; the phrase “the judicial officer” does not do so.
Moreover, the proposed interpretation would be inconsistent with the apparent purposes of the statute to facilitate pre-trial detention of persons deemed dangerous, consistent with due process. Under the defendant’s reading of the statute, a person released on bail or personal recognizance by the Superior Court under §58, without any finding of dangerousness, could have his or her bail revoked immediately upon appearing in the District Court, or in another division of the Superior Court, on a new charge. A person found by the Superior Court to be dangerous, however, and released under conditions pursuant to §58A, could not; revocation as to such a person would have to await first appearance in the Superior Court that originally issued the order of release. That arrangement would not serve the public safety, and would not serve the statutory purposes. Accordingly, I conclude that the District Court was empowered to revoke the defendant’s pre-trial release pursuant to G.L.c. 276, §58B, and that its order of May 28, 2004, had that effect.
2. The Time Since Revocation
Having reached that conclusion, it is necessary to apply the time limit set forth in §58B, which requires that the defendant be brought to trial “as soon as reasonably possible,” but “in the absence of good cause,” within ninety days, excluding time excluded under Rule 36(b)(2). On this issue, it bears noting, the only information the Court has before it is what appears on the docket, and representations of counsel; no affidavits or other factual materials have been filed.
The Commonwealth urges that the continued pendency of DNA testing supplies “good cause” for all delay that has occurred so far. The defendant does not dispute that the test results remain outstanding, but does not concede that that circumstance constitutes good cause. The Court cannot evaluate this issue without further information as to the time required for DNA testing, and the reasons that process has not yet been completed. Such information could properly be presented in the form of an affidavit from a person with knowledge of the practices in and workload of the laboratory conducting the testing. Having received no such information, the Court cannot find good cause on that basis.
The Commonwealth further suggests that all, or virtually all, of the time that has passed since the defendant’s detention began is subject to exclusion under Rule 36(b)(2). Under that rule, time may be excluded “by a showing that it falls within one of the ‘(e)xcluded (p)eriods’ provided in rule 36(b)(2), or by a showing that the defendant acquiesced in, was responsible for, or benefitted from the delay.” Commonwealth v. Vasquez, 55 Mass.App.Ct. 523, 525 (2002), citing Commonwealth v. Spaulding, 411 Mass. 503, 504 n.3, 505 n.4 (1992). “[A] defendant may not . . . include in the calculation of the aggregate period of delay those delay days to which the defendant has contributed or those to which he has not objected.” Commonwealth v. Murphy, 55 Mass.App.Ct. 332, 333 (2002), citing Commonwealth v. Marable, 427 Mass. 504, 507-08 (1998). “When a defendant has not entered an objection to delay,” he may “be deemed to have acquiesced in the passage of time.” Commonwealth v. Lauria, 411 Mass. 63, 68 (1991). “[A] defendant in a criminal case is responsible for pressing his case and may not passively watch the clock tick . . . and claim the benefit of the rule.” Murphy, 55 Mass.App.Ct. at 333.
The docket seems generally to support the Commonwealth’s contention on this point. The one continuance that appears, on June 17, 2004, was at the defendant’s request; that request warrants exclusion at least of the time from that date until the next scheduled date of August 17, 2004. Further, the timing of the defendant’s non-evidentiaiy motionsfiled on September 23, 2004appears to have prevented any substantive action in the case prior to the next scheduled court appearance after that date, on October 18, *509 2004. Thus, on the record that is presently before the Court, it appears that at most some three weeks (May 28 to June 17) of the ninety-day period provided under §58B has run.
As noted, the record before the Court on this subject is scant. If the defendant believes that his rights under Rule 36 or §58B have been violated, he is free to file a motion to dismiss, or for other appropriate relief, supported by affidavit or other appropriate documentation. Such a motion would call upon the Commonwealth to respond in kind, by affidavit or otherwise. On the present record, however, the Court cannot conclude that any violation of the defendant’s rights has occurred.
ORDER
For the reasons stated, the Court hereby orders that the defendant shall continue to be detained under G.L.c. 276, §58B, pursuant to the order entered by the District Court on May 28, 2004.

The defendant is also presently serving a sentence of 23 days in the House of Correction, issued by the District Court on October 7, 2004, on a conviction for assault and battery, for which the defendant was arraigned in that Court on May 28, 2004. The Court is informed that that sentence will be completed on October 29, 2004.

I was assigned to the session at that time, and was on vacation on that date. It appears that no judge was available to cover.

The delay from October 18, 2004, until October 22, 2004, to the best of my recollection, was to permit counsel an opportunity to confer regarding discovery motions.

The defendant does not appear to suggest that “the judicial officer” must be the same individual judge; that interpretation would be incompatible with the judicial rotation system.