## Commonwealth *vs.* Kenneth Montgomery.

No. 09-P-437.

Middlesex. January 12, 2010. - April 1, 2010.

Present: Mills, Brown, & Graham, JJ.

*Practice, Criminal,* Speedy trial, Dismissal.

A Superior Court judge properly allowed a criminal defendant's motion to dismiss on grounds that he had not been brought to trial within twelve months of his return date, as required by Mass.R.Crim.P. 36(b)(1), where the Commonwealth failed to justify a delay of 412 days that exceeded the permitted twelve-month period, in that the record did not establish any basis on which to conclude the defendant acquiesced in the Commonwealth's delay in setting a trial date, and the defendant's commitment to Bridgewater State Hospital under G. L. c. 123, § 18, did not render him unavailable for trial; moreover, even excluding a period of 226 days between the filing of the defendant's motion for evaluation for criminal responsibility and completion of the evaluation, there remained 188 days that the Commonwealth failed to justify. [502-506]

Indictments found and returned in the Superior Court Department on March 7, 2002.

A motion to dismiss was heard by *S. Jane Haggerty,* J.

*Anne C. Pogue,* Assistant District Attorney, for the Commonwealth.

*Derege B. Demissie* for the defendant.

Brown, J. This is an appeal by the Commonwealth from the allowance of the defendant's motion to dismiss on speedy trial grounds. We affirm.

The facts presented at the motion hearing regarding the underlying incident were not disputed and are as follows. On February 13, 2002, shortly after 8:00 p.m., two police officers were conducting the unrelated surveillance of a commercial parking lot when they noticed the defendant get out of his vehicle and approach the victim and his son as they walked toward their

car and began to enter it. The defendant prevented the victim from closing the driver's side door and began to stab him repeatedly in the head with an ice pick, causing the ice pick to bend. The defendant then hit the victim once with a crowbar before the police were able to get to the vehicle and prevent a second blow. The defendant had positioned a video camera in his vehicle that filmed the attack and on which the defendant can be heard to say immediately before he got out of his vehicle, "Get up and kill." The defendant believed that the victim, who had been his guidance counselor when he was a child, had sexually assaulted him and then hypnotized his family, causing them to disbelieve his account of the assault. The defendant's allegations of abuse had been throughly investigated and determined to be unfounded.

The defendant was arraigned in the District Court the day after the attack and committed to Bridgewater State Hospital (BSH) under the provisions of G. L. c. 123, § 15(*b*), to assess his competency to stand trial. The defendant was indicted by a grand jury in March, 2002, on two counts of armed assault (ice pick and crowbar), intent to murder a person over sixty, and two counts of assault and battery by means of a dangerous weapon (ice pick and crowbar), and arraigned on those indictments on May 28, 2002.[1] When, by December, 2007, he had not yet been tried on the charges, the defendant filed a pro se motion to dismiss them on the ground that he had not been brought to trial within twelve months of the return date as required by Mass.R.Crim.P. 36(b)(1), 378 Mass. 909 (1979), and that the delay violated his

---

[1] On April 10, 2002, the defendant was found incompetent to stand trial and committed to BSH for up to six months. When he was arraigned in Superior Court, this finding was still in effect, raising the question whether the defendant was competent for purposes of arraignment, although this issue has not been presented on appeal. See generally *Commonwealth* v. *Torres*, 441 Mass. 499 (2004) (defendant may be competent for purposes of bail hearing, but incompetent for the more complex tasks required to stand trial).

Moreover, any claim that the right to speedy trial attaches only after a *valid* arraignment would not glean support from Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979), which states explicitly that the starting point under the rule is the return day, not the "arraignment day." The return day is defined in the Reporters' Notes as the day upon which "a defendant is ordered by summons to first appear . . . or, if under arrest, does first appear to answer the charges." Reporters' Notes to Rule 36, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1290 (LexisNexis 2009-2010). See Smith, Criminal Practice and Procedure § 47.12, at 220 (3d ed. 2007).

right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and art. 11 of the Massachusetts Declaration of Rights. After a nonevidentiary hearing, the judge allowed the defendant's motion to dismiss, and the Commonwealth has appealed.

Under rule 36(b)(1)(C), a criminal defendant who is not brought to trial within one year of the return day in the court in which the case is awaiting trial is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay. The return day here was May 28, 2002; the defendant's trial therefore should have begun by May 28, 2003. On December 17, 2007, the date when the motion to dismiss was filed, tolling the running of time under rule 36, the Commonwealth was 1,663 days over the due date and needed to justify that number of excludable days. See *Commonwealth* v. *Spaulding,* 411 Mass. 503, 505 n.4 (1992) (filing of motion to dismiss tolls running of rule 36 time); Mass.R.Crim.P. 36(b)(3).

In allowing the motion to dismiss, the judge excluded a substantial number of days related to competency issues but found that at least 670 days were includable under rule 36 (305 days in excess of the 365 days in which the Commonwealth is permitted to bring the defendant to trial).[2] The judge ruled that because the Commonwealth "failed to offer any justification for the delay beyond the twelve-month time limit prescribed by [r]ule 36, the defendant is entitled to dismissal of the indictments against him."

In order to decide whether the motion was properly allowed under rule 36, we must consider in more detail the period of time between the defendant's arraignment and his filing of the motion to dismiss. The record consists of the docket and minutes of the clerk, which, for purposes of rule 36, are "prima facie

---

[2]The judge appears to have improperly included in her calculation of includable time the first and last day of each period, which should have been excluded under Mass.R.Crim.P. 36(b)(3). The judge also improperly omitted from any consideration 116 days from December 18, 2004, to April 12, 2005, during which time it can be discerned from the record, contrary to the judge's conclusion, that the defendant was competent. The Commonwealth agrees on appeal that this period should be included in the calculations. Even if we were to assume the judge properly excluded 116 days, it would not alter the outcome in this case.

evidence of the facts recorded therein." *Barry* v. *Commonwealth,* 390 Mass. 285, 289 (1983).

Here, the record reflects that for virtually the entire period since his arrest, the defendant has been committed to and held at BSH. At times when the defendant's competency to stand trial was at issue, he was confined at BSH pursuant to the provisions of G. L. c. 123, §§ 15 or 16, that specifically provide for competency evaluations and, upon a finding of incompetency to stand trial, commitment. At other times, the defendant became competent to stand trial (in part because he was likely given appropriate antipsychotic medication once he was confined at BSH[3]), yet he remained mentally ill. During these periods of competency he continued to be committed to BSH under the portion of G. L. c. 123, § 18, that provides for the confinement of a prisoner found to be in need of care and treatment by reason of mental illness and where the failure to confine such individual would create the likelihood of serious harm to himself or others.

The motion judge properly concluded that the periods of delay that resulted from an examination of the defendant's competency to stand trial under the provisions of G. L. c. 123, §§ 15 and 16, are explicitly excluded under Mass.R.Crim.P. 36(b)(2)(A)(i).[4] That delay,[5] added to the thirty days the judge excluded because the defendant moved for new counsel,[6] totaled

---

[3]During periods of confinement related to assessing the defendant's competency, BSH obtained a civil order from the District Court that permitted BSH personnel to administer antipsychotic medication to the defendant.

[4]This portion of the rule states that any period of "delay resulting from an examination of the defendant and hearing on his mental competency or physical incapacity" to stand trial "shall be excluded in computing the time within which the trial of any offense must commence." Mass.R.Crim.P. 36(b)(2)(A)(i). See Reporters' Notes to rule 36, *supra.*

[5]Specifically the motion judge found, and the parties rightly agree, that the periods that should be excluded due to competency evaluations or concomitant hospitalizations that resulted from a finding of incompetency include the following 1,221 days:

> May 28, 2002, to December 3, 2002 (190 days);
> July 17, 2003, to February 24, 2004 (223 days);
> April 13, 2005, to May 20, 2005 (38 days); and
> September 14, 2005, to October 23, 2007 (770 days).

[6]Although the defendant's argument has merit, namely, that only one day should be excluded for this period because the motion was allowed and new

1,251 days, leaving the Commonwealth to justify the remaining 412 days that exceeded the permitted twelve-month period.[7]

During this remaining period, when the defendant was competent but still confined to BSH, he was regularly returned to court for "status" reviews, similar to when he was incompetent to stand trial, but at no time was a trial date established in this case. Although all parties have a role in insuring that cases are promptly tried, in the end, it is "[t]he trial courts' responsibility . . . to 'control their own dockets so that criminal cases are brought to trial within the time periods specified by rule 36.' " *Commonwealth* v. *Bourdon*, 71 Mass. App. Ct. 420, 428 (2008), quoting from *Commonwealth* v. *Lauria*, 411 Mass. 63, 70 (1991). Accord *Commonwealth* v. *Marable*, 427 Mass. 504, 506 (1998). See generally *Commonwealth* v. *Spaulding*, 411 Mass. at 506, 508. See also G. L. c. 278, § 1; *Commonwealth* v. *Murphy*, 55 Mass. App. Ct. 332, 335-336 (2002); Reporters' Notes to Rule 36(a)(2)(B), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1289 (LexisNexis 2009-2010); Smith, Criminal Practice and Procedure § 47.4, at 216 (3d ed. 2007). The delay in establishing a trial date while the defendant was competent is chargeable to the Commonwealth under rule 36 time limits. See *Commonwealth* v. *Spaulding, supra*; *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. 25, 27 & n.3 (1995); *Commonwealth* v. *Murphy*, 55 Mass. App. Ct. at 335-336.

The Commonwealth argues that the defendant agreed or acquiesced to the continuances while he was competent and, therefore, the delay is justified.[8] That no objection by the defendant appears

counsel was appointed on the same day the motion was filed, specifically, November 18, 2004, we assume without deciding that the entire thirty days should be excluded from consideration because it does not alter the outcome in this case.

[7]We note that the difference between the judge's finding of 305 days in excess of the twelve-month limit (a total of 670 days) is 108 days less than 413 days in excess of the twelve-month limit (a total of 778 days) calculated above because the judge excluded 116 days that the Commonwealth appears to concede correctly should have been counted against the Commonwealth (for the period from December 18, 2004, to April 12, 2005) and improperly included eight days in violation of Mass.R.Crim.P. 36(b)(3): (305 + 116) - 8 = 413.

[8]This argument suggests a lack of understanding that mental illness, absent a finding of incompetency, has no more effect on a defendant's speedy trial rights than does a diagnosis of any other illness that requires regular medical treatment.

on the record concerning his multiple appearances at the status conferences or reviews has no bearing on our inquiry of whether he acquiesced for purposes of speedy trial analysis. See *Commonwealth* v. *Spaulding*, 411 Mass. at 508. When a case is continued for "status," the responsibility for delay during this period is chargeable to the Commonwealth. *Ibid.* Absent a trial date having been set in the first instance, there is no basis upon which this court can conclude that the defendant acquiesced in a delay of that date. *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. at 27 n.3 (noting that "a defendant did not acquiesce in a delay where no trial date had been scheduled," but where "trial dates were scheduled[,] it [is] the continuance of the trial dates without objection that demonstrates that the defendant agreed to the delay"). To conclude otherwise would foist upon the defendant the government's obligation to set a trial date.

In the alternative, the Commonwealth argues that the defendant's commitment under G. L. c. 123, § 18, rendered him unavailable for trial. The Commonwealth does not direct us to any authority, nor do we discern any, in support of the position that confinement under § 18 abrogates the prosecutor's obligation to bring the defendant to trial or otherwise renders the defendant unavailable for trial. Moreover, such a position runs counter to the mental health statutory scheme because it would result in the defendant's being treated as though he were incompetent without the benefit of G. L. c. 123, § 16(*f*), which provides for the dismissal of the charges when an incompetent defendant has been confined for a period equal to that which he may have served on the single most serious offense. See *Foss* v. *Commonwealth*, 437 Mass. 584, 586-587 (2002).

Finally, we need only pause to address the Commonwealth's argument that an additional 226 days should be excluded, covering the period from December 3, 2002, the date the defendant filed a motion for evaluation for criminal responsibility, to July 17, 2003, when, before the evaluation had been completed, he was again found incompetent to stand trial.[9] Even assuming,

---

[9]Notably, the evaluation was finally submitted in August, 2003, and concluded that the defendant was experiencing acute symptoms of mental illness at the time of the alleged offense that significantly impaired his capacity to appreciate the wrongfulness of his actions and his ability to conform his behavior to the requirements of the law.

without deciding, that these days should be excluded, there remain 188 days that the Commonwealth must justify. Because it has failed to do so, we affirm the motion judge's order allowing the defendant's motion to dismiss.[10]

*So ordered.*

---

[10]In light of our decision, we thus have no need to address the defendant's constitutional speedy trial claim.