Rescript Opinions.

COMMONWEALTH *vs.* JOSEPH PIMENTAL. June 2, 1972. This is a petition pursuant to G. L. c. 123A, § 6, as amended, to adjudicate the defendant a sexually dangerous person and to commit him to the treatment center at the Massachusetts Correctional Institution at Bridgewater. The defendant filed interrogatories pursuant to G. L. c. 231, § 61, and served the Commonwealth with notices of taking depositions of seven doctors under S. J. C. Rule 3:15, § 4 (a), 351 Mass. 798. He also filed a motion for a stenographer and a copy of the transcript of the depositions at public expense. The Commonwealth moved to strike the interrogatories and the notices of depositions, and a judge of the Superior Court denied the motions. He also allowed the motion for a stenographer and a copy of the transcript, entered a stay of proceedings, and reported all of his orders on the motions to this court under G. L. c. 231, § 111. The judge ruled that the defendant is entitled to the benefit of interrogatories and depositions as a matter of law. We agree. Both the statute governing interrogatories and the rule of court controlling depositions are applicable in civil cases. The rule specifies certain types of cases in which depositions may not be taken as matter of law, but proceedings under G. L. c. 123A, § 6, are not among the excepted cases. We have characterized G. L. c. 123A, § 6, proceedings as "manifestly civil." *Commonwealth* v. *Ackers,* 343 Mass. 63, 68. *Commonwealth* v. *McGruder,* 348 Mass. 712, 716. We therefore conclude that interrogatories and depositions should be available to the parties in those cases. The Commonwealth argues that the allowance of such discovery will create an undue burden upon the Commonwealth in c. 123A cases. There may be validity to the contention that attention to discovery procedures will take the time of psychiatrists which can better be spent in the treatment of patients. Further, the added expenditure of public funds is a serious consideration, particularly in view of the repetitive nature of many c. 123A proceedings. Nevertheless, the language of the statute (G. L. c. 231, § 61) and the rule of court (3:15) requires the conclusions we have reached. The policy considerations argued by the Commonwealth may be appropriate to offer in support of a legislative amendment, or a change in the rule of court, to limit the uses of discovery in such cases. The interlocutory orders of the judge are affirmed.

*So ordered.*

*Reuben Goodman* (*Thomas J. Herbert* with him) for the defendant.
*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.