JAMES W. SHERIDAN, petitioner.

Berkshire. February 6, 1996. - May 30, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Sex Offender. Practice, Civil,* Sex offender. *Jury and Jurors. Due Process of Law,* Sex offender.

In a proceeding under G. L. c. 123A, § 9, for discharge of a sexually dangerous person committed to the treatment center at Bridgewater, the agreement of five-sixths of the jury on a verdict satisfies due process requirements where the statute creating the right to a jury trial in such proceedings mandates the use of civil procedure. [777-781]

PETITION filed in the Superior Court Department on February 25, 1991.

A motion by the Commonwealth requesting a jury instruction for a nonunanimous verdict was heard by *Elizabeth B. Donovan,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Elizabeth A. Porada,* J., in the Appeals Court and the appeal was reported by her to a panel of that court. The Supreme Judicial Court granted a request for direct appellate review.

*Ellyn Lazar,* Assistant Attorney General, for the Commonwealth.

*Harold N. Robertson* for the petitioner.

LYNCH, J. The question raised in this appeal is whether in a discharge hearing under G. L. c. 123A, § 9 (1994 ed.), a petitioner is entitled to a unanimous jury verdict that he is a sexually dangerous person (SDP). In 1984, James Sheridan was adjudged to be a SDP and committed to the treatment center at the Massachusetts Correctional Institution at Bridgewater for an indeterminate period of from one day to life, as provided by G. L. c. 123A. *Sheridan, petitioner,* 412 Mass. 599, 600 (1992). Sheridan petitioned for discharge pur-

suant to G. L. c. 123A, § 9, in 1991.[1] Before this petition was adjudicated, Sheridan requested a trial by jury. See G. L. c. 123A, § 9, as appearing in St. 1993, c. 489, § 7, approved January 14, 1994, effective April 14, 1994.[2] Before empanelment, the Commonwealth moved that the jury be instructed that the agreement of ten jurors would be sufficient to render a verdict. The judge denied the motion, ruling that a unanimous verdict is required in a § 9 jury trial.

A single justice of the Appeals Court heard the Commonwealth's petition for interlocutory relief, stayed the proceedings below, and reported to that court the following question: "What is the quantum of vote necessary for a jury verdict in a proceeding under G. L. c. 123A, § 9?" We granted the Commonwealth's application for direct appellate review and now conclude that a c. 123A proceeding requires a verdict of at least five-sixths of the jurors.

We begin our analysis with the language of the statute. General Laws c. 123A, § 9, as appearing in St. 1993, c. 489, § 7, provides in relevant part:

> "Any person committed to the treatment center shall be entitled to file a petition for examination and discharge once in every twelve months. . . . In any hearing held pursuant to the provisions of this section, either the petitioner or the commonwealth may demand that the issue be tried by a jury. If a jury trial is demanded, the matter shall proceed according to the practice of trial in civil cases in the superior court."

The statute provides for a less than unanimous verdict, since that is the "practice of trial in civil cases," as set out by G. L. c. 234, § 34A (1994 ed.) (verdict of five-sixths of jury is permitted). This observation does not conclude the inquiry, however.

"[W]hile G. L. c. 123A proceedings are technically classified as civil proceedings, the potential deprivation of liberty

---

[1] For a discussion of the background of the case, see generally *Sheridan, petitioner*, 412 Mass. 599 (1992) (affirming dismissal of earlier discharge petition).

[2] The record does not make clear when the request for jury trial was made. Nevertheless, neither party disputes that the 1994 amendment applies to this case.

mandates that due process protections apply." *Commonwealth* v. *Travis*, 372 Mass. 238, 250 (1977). See *Commonwealth* v. *Knowlton*, 378 Mass. 479, 487 (1979); *Andrews, petitioner*, 368 Mass. 468, 486 (1975); *Commonwealth* v. *Page*, 339 Mass. 313, 317-318 (1959). Accordingly, we must go beyond the language of the statute to determine whether its apparent intent is constrained by the requirements of due process under the State or Federal Constitutions. "In determining what process is due . . . this court 'must balance the interests of the individual affected, the risk of erroneous deprivation of those interests and the government's interest in the efficient and economic administration of its affairs.' " *Commonwealth* v. *Barboza*, 387 Mass. 105, 112, cert. denied, 459 U.S. 1020 (1982), quoting *Thompson* v. *Commonwealth*, 386 Mass. 811, 817 (1982). See also *Mathews* v. *Eldridge*, 424 U.S. 319, 334-335 (1976).

Using the foregoing analysis, we have required "significant procedural protection" in c. 123A proceedings. *Hill, petitioner, ante* 147, 151 (1996). See *Commonwealth* v. *Proctor*, 403 Mass. 146, 148 (1988) (former convictions without counsel inadmissible in c. 123A hearing); *Commonwealth* v. *Knowlton, supra* (right to competency hearing prior to SDP hearing); *Commonwealth* v. *Travis, supra* at 249-250 (higher standard for vacating judgment than most civil cases); *Andrews, petitioner, supra* at 484, 489 (burden of proof is on Commonwealth; standard of proof is beyond a reasonable doubt); *Commonwealth* v. *Lamb*, 365 Mass. 265, 270 (1974) (psychotherapist-patient privilege); *Commonwealth* v. *Bladsa*, 362 Mass. 539, 541 (1972) (evidentiary protections); *Peterson, petitioner*, 354 Mass. 110, 114 (1968) (petitioner in c. 123A proceeding entitled to adequate prior notice, hearing, compulsory process, and assistance of counsel).[3] These procedural safeguards "satisfy not only the heightened need for accuracy when so much is at stake, but also the related but distinct need to assure a person subject to government power that he has not been a mere passive object of an in-

[3]While most of the articulated procedural protections afforded petitioners in proceedings under G. L. c. 123A (1994 ed.) are those associated with criminal practice, we have also stated that certain aspects of civil procedure also apply. See *Commonwealth* v. *Pimental*, 362 Mass. 854 (1972) (petitioner entitled to benefit of interrogatories and depositions applicable in civil cases).

quiry; however thorough, but an equal participant whose voice has fully been heard." *Hill, petitioner, supra* at 152.

Not all of the procedures which protect criminal defendants are required in c. 123A proceedings, however. Most significantly, we have declined to find a constitutional right to trial by jury in such proceedings. *Commonwealth* v. *Barboza, supra* at 113 & n.6. Accord *Gagnon, petitioner,* 416 Mass. 775, 778 (1994). See also *Hill, petitioner, supra* at 153-154 (prohibition against double jeopardy does not apply); *Gomes* v. *Gaughan,* 471 F.2d 794, 800-801 (1st Cir. 1973) (no right to counsel or hearing before sixty-day observation period). "We perceive no significant protection to be given a respondent in such a proceeding by virtue of a trial by jury. The procedural requirements of G. L. c. 123A provide ample protection of the individual's due process rights." *Commonwealth* v. *Barboza, supra* at 113. We have also observed that "historically based safeguards" such as the right to trial by jury, the right to indictment by a grand jury, the privilege against self-incrimination, and the prohibition against double jeopardy, do not apply. *Hill, petitioner, supra* at 152.

Despite these pronouncements, Sheridan insists that, once he invokes his statutory right to trial by jury, due process requires that the jury reach their verdict unanimously. He argues that the importance of accuracy in c. 123A proceedings is high where, as here, the "potential deprivation of liberty is . . . massive," *Commonwealth* v. *Travis, supra* at 249, and that a unanimous verdict requirement will increase the accuracy of the proceedings, while imposing little or no burden on the Commonwealth. In addition, Sheridan argues, a unanimous verdict requirement serves to ensure that the Commonwealth proves its case beyond a reasonable doubt. To support this argument, he points to dictum in a recent case which links unanimity with the "beyond a reasonable doubt" standard. See *Commonwealth* v. *Conefrey,* 420 Mass. 508, 512 n.7 (1995).[4] But see *Apodaca* v. *Oregon,* 406 U.S. 404, 411-412 (1972) (unanimous verdicts in State criminal tri-

[4]"[T]he requirement of a unanimous jury is related to the requirement that the government prove the defendant's guilt beyond a reasonable doubt. . . . Both requirements guarantee that jurors reach a 'subjective state of certitude' about a defendant's guilt before rendering a verdict. See *In re Winship,* 397 U.S. 358, 364 (1970). If all jurors agree as to a defendant's guilt, their unanimity indicates that the government indeed did prove its case beyond a reasonable doubt. A less than unanimous jury, in

als not required under Fourteenth Amendment to the United States Constitution) and *Johnson* v. *Louisiana,* 406 U.S. 356, 362-363 (1972).

We do not accept Sheridan's arguments. First, *Conefrey* is a criminal case, and so is not controlling in a case involving a c. 123A proceeding. We do not agree that a unanimous jury verdict is necessary to determine that the Commonwealth proved its case beyond a reasonable doubt in a civil context. A c. 123A hearing and a criminal trial serve different purposes. The conviction of a criminal is punishment; the determination that someone is a sexually dangerous person is not. See *Hill, petitioner, supra* at 153. "[T]he primary objective of c. 123A . . . is to care for, treat, and, it is hoped, rehabilitate the sexually dangerous person, while at the same time protecting society from this person's violent, aggressive, and compulsive behaviors." *Sheridan, petitioner,* 412 Mass. 599, 604 (1992). Requiring a higher burden of proof in a c. 123A hearing than in most civil cases does not thereby equate the purpose of that standard in SDP hearings with its purpose in criminal cases. Second, we are dealing here with a statutory right to jury trial, not a constitutional one. See *Commonwealth* v. *Barboza, supra.* The statute creating the right explicitly mandates the use of civil practice in SDP hearings. We shall not override the legislative mandate without a compelling constitutional basis. Finally, even if we assume that, as Sheridan argues, unanimous verdicts are more accurate than nonunanimous ones, we need not require the most accurate procedure, only that procedure which comports with due process. See *Trigones* v. *Attorney Gen.,* 420 Mass. 859, 863-864 (1995).

Here, the nonunanimous verdict of a civil jury satisfies the due process requirement. Disagreement is not in itself the equivalent of a failure of proof by the State, "nor does it indicate infidelity to the reasonable-doubt standard." *Johnson* v. *Louisiana, supra* at 362. In the context of a civil c. 123A proceeding, where constitutional due process requires no jury at all, see *Commonwealth* v. *Barboza, supra,* we find it difficult to say that due process is not achieved with a verdict of ten jurors out of twelve. Accordingly, we conclude that the

contrast, tend to show that a reasonable doubt exists as to the crime charged." (Citations omitted.) *Commonwealth* v. *Conefrey,* 420 Mass. 508, 512 n.7 (1995).

jury in a c. 123A proceeding need not reach unanimity, if five-sixths of the jurors agree on a verdict.[5]

*So ordered.*

---

[5]In certain circumstances a civil trial in the Superior Court may proceed after empanelment with fewer than twelve jurors, but not fewer than ten, without the consent of the parties. See G. L. c. 234, § 34B (1994 ed.); Mass. R. Civ. P. 48, 365 Mass. 812 (1974). While statutes provide for a jury of six persons in civil trials in certain lower courts, see, e.g., G. L. c. 218, § 19A (1994 ed.) (Central District Court of Worcester); G. L. c. 218, § 19B (1994 ed.) (Central District Court of Northern Essex); G. L. c. 218, § 23 (1994 ed.) (small claims sessions), no statute or rule provides for six-person juries in Superior Court civil actions. Since SDP proceedings are to be conducted pursuant to civil procedure in the Superior Court, not the District Court, it follows that the minimum number of jurors permitted in an SDP proceeding is ten and the minimum five-sixths verdict is a vote of nine to one. See G. L. c. 123A, § 9; G. L. c. 234, § 34A. Therefore, we need not discuss verdicts of fewer than six jurors. Cf. *Ballew* v. *Georgia*, 435 U.S. 223 (1978); *Commonwealth* v. *A Juvenile (No. 2)*, 384 Mass. 390, 391-394 (1981). See also *Cabral* v. *Sullivan*, 757 F. Supp. 107, 110-111 & n.5 (D. Mass. 1991) (quoting Advisory Committee note to Fed. R. Civ. P. 48), aff'd in part and rev'd in part, 961 F.2d 998 (1st Cir. 1992).