JOEL PENTLARGE *vs.* COMMONWEALTH. October 5, 2005. *Practice, Civil,* Appeal, Moot case. *Moot Question.*

Joel Pentlarge appeals from the denial of his petition for relief under G. L. c. 211, § 3, by a single justice of this court. We dismiss the appeal as moot.

Pentlarge has been civilly committed as a sexually dangerous person pursuant to G. L. c. 123A. Shortly after his commitment, he filed a petition for examination and discharge under G. L. c. 123A, § 9. Despite much effort, however, he was unable to secure a trial date that was, in his view, consistent with his right to a "speedy hearing." G. L. c. 123A, § 9, first par. He requested that the single justice order the Chief Justice for Administration and Management of the Trial Court to set a trial date within six months of the date of his G. L. c. 123A, § 9, petition. The single justice denied relief, and this appeal followed. Subsequently, a judge in the Superior Court scheduled trial for January 11, 2006.

The Commonwealth now moves to dismiss the appeal as moot. The only relief Pentlarge seeks on appeal is an order that a trial date be set forthwith. Because Pentlarge has received a trial date, the appeal is moot. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001); *Harvey* v. *Harvey*, 424 Mass. 1009 (1997).

Contrary to Pentlarge's argument, the matter is not "capable of repetition, yet evading review." See *First Nat'l Bank* v. *Haufler*, 377 Mass. 209, 211 (1979) (moot issue did not evade review where "[a]ppellate review . . . may be obtained in the normal course of some subsequent action without any substantial likelihood of mootness"). If Pentlarge's (or any litigant's) right to a speedy hearing is in fact violated, that violation can be remedied on appeal from any adverse judgment. Cf. *Commonwealth* v. *Spaulding*, 411 Mass. 503 (1992) (remedying, after convictions, delay in bringing defendant to trial).

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John G. Swomley* for the plaintiff.