ROBERT ALDRICH *vs.* COMMONWEALTH. February 14, 2006. *Supreme Judicial Court,* Appeal from order of single justice.

---

[1] Of the Hunter's Ridge Realty Trust.
[2] Gerald Wine and Seamus Kelly.

Robert Aldrich appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Aldrich was charged with various criminal offenses in the District Court. Following several continuances, Aldrich moved to dismiss the complaint, claiming a violation of his right to a speedy trial. Before the motion was ruled on, Aldrich was indicted for the same offenses and the Commonwealth entered a nolle prosequi in the District Court. Aldrich moved to dismiss the indictments, claiming that when the charges were pending in the District Court, the prosecutor had violated G. L. c. 276, § 35, and Aldrich's speedy trial rights, and that the prosecutor had breached a promise not to proceed by indictment. A judge in the Superior Court denied the motion. Aldrich unsuccessfully sought relief from that order pursuant to G. L. c. 211, § 3. Thereafter, trial took place in the Superior Court and Aldrich was found guilty of most of the charges. Aldrich filed a timely notice of appeal; his appeal has yet to be entered in the Appeals Court.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because Aldrich can challenge the Superior Court judge's denial of his motion to dismiss in his direct appeal from his convictions, he has not shown, as required by rule 2:21, that review of the trial court decision cannot adequately be obtained on appeal. See, e.g., *Commonwealth* v. *Spaulding*, 411 Mass. 503 (1992) (ordering dismissal of indictments on speedy trial ground on postconviction appeal). Review of speedy trial claims is not available as a matter of right interlocutorily pursuant to G. L. c. 211, § 3. See *Cousin* v. *Commonwealth*, 442 Mass. 1046 (2004); *Esteves* v. *Commonwealth*, 434 Mass. 1003 (2001).

To the extent that Aldrich suggests he lacks an adequate alternative remedy because there was no final judgment in the District Court from which he could appeal (because the prosecutor entered a nolle prosequi), his claim is misplaced. In his G. L. c. 211, § 3, petition he challenged the Superior Court judge's denial of his motion to dismiss the indictments on the ground that the prosecutor had failed to try the case in a timely manner in the District Court. That the District Court charges were the subject of a nolle prosequi did not prevent Aldrich from raising his speedy trial claims, as he did, in his motion to dismiss the Superior Court indictments. The Superior Court judge fully addressed that claim on the merits. While the Superior Court judge ultimately denied Aldrich's motion, Aldrich can, as explained above, challenge that ruling on direct appeal.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert Aldrich,* pro se.