JOSE MARRERO *vs.* COMMONWEALTH. October 11, 2006. *Constitutional Law,* Speedy trial. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Jose Marrero appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Marrero was indicted for murder in the first degree and related offenses. Following several continuances that Marrero claims were attributable to the Commonwealth, he moved to dismiss the charges, arguing that his right to a speedy trial had been violated. A judge in the Superior Court denied the motion. Marrero unsuccessfully moved for reconsideration. Thereafter, he unsuccessfully petitioned for relief in the county court pursuant to G. L. c. 211, § 3.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Marrero claims that he has no adequate remedy in the event he is convicted because, owing to the Commonwealth's continuances, it has obtained evidence against him that it otherwise would not have obtained and, concomitantly, his opportunity to present a defense of insufficient evidence has been undermined. He also argues that, because of the violation of his speedy trial rights, he should not have to endure a trial and, if convicted, possible incarceration while pursuing an appeal. We have consistently rejected comparable claims that a petitioner cannot obtain adequate review of a speedy trial claim after trial, and have consistently held that a petitioner is therefore not entitled as a matter of right to interlocutory review of his speedy trial claim pursuant to G. L. c. 211, § 3. See *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1003-1004 (2001) (despite petitioner's claim that, by the time of direct appeal, he would have experienced "major evils" against which speedy trial right is designed to avoid, court held postconviction relief adequate). Accord *Aldrich* v. *Commonwealth*, 446 Mass. 1001, 1002 (2006); *Cousin* v. *Commonwealth*, 442 Mass. 1046 (2004). See also *Commonwealth* v. *Spaulding*, 411 Mass. 503 (1992) (ordering dismissal of indictments on speedy trial ground on postconviction appeal). As in those cases, there is no reason why the petitioner here cannot adequately pursue his speedy trial claims on appeal, in the event he is convicted.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Greg T. Schubert* for the petitioner.