WILLIAM G. STEVENS *vs.* COMMONWEALTH. December 7, 2007. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Speedy trial.

William G. Stevens appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3, without a hearing. We affirm the judgment.

Stevens has been civilly committed as a sexually dangerous person pursuant to G. L. c. 123A. In December, 2006, he filed a pro se petition for examination and discharge under G. L. c. 123A, § 9. At the same time, he filed a "motion for speedy trial." The matter was transferred to the unified session of the Superior Court, where his "motion for speedy trial" was docketed but has not been decided. A trial was scheduled for December, 2008. In further efforts to secure a trial date that, in his view, would be consistent with his right to a "speedy hearing," G. L. c. 123A, § 9, first par., Stevens unsuccessfully sought the assistance of, among others, the Chief Justice for Administration and Management of the Trial Court and the Chief Justice of the Superior Court. Finally, despite having had counsel appointed, he filed a pro se "motion for court's order," seeking an order that the clerk schedule a hearing on his "motion for speedy trial." A judge in the Superior Court denied that motion without prejudice to renewal by counsel. Stevens's pro se G. L. c. 211, § 3, petition followed.

Stevens has filed a memorandum and appendix, apparently pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).[1] That rule applies where "a single justice denies relief from a challenged interlocutory ruling in the trial court," S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995), and requires Stevens to show that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Assuming without deciding that setting the December, 2008, trial date qualifies as an interlocutory ruling,[2] we conclude on the record before us that the single justice neither erred nor

---

[1]The document is in the form of a memorandum rather than a brief. However, it does not cite S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), and it focuses not on the existence or absence of alternative remedies, but on the merits of Stevens's claim that he is being denied his right to a speedy hearing on his G. L. c. 123A, § 9, petition (an issue on which we express no opinion).

[2]As Stevens's "motion for a speedy trial" has not been ruled on, the only other relevant interlocutory ruling is the denial, without prejudice, of his "motion for court's order." Stevens did not specifically challenge that denial in his G. L. c. 211, § 3, petition. In any event, even if S.J.C. Rule 2:21 does not technically apply, and indeed,

abused his discretion in denying relief. Stevens has adequate alternative remedies. As the motion judge suggested, Stevens could, with the assistance of counsel, renew his motion seeking a hearing on the "motion for speedy trial." Further, we have stated that "if [a § 9 petitioner's] right to a speedy hearing is in fact violated, that violation can be remedied on appeal from any adverse judgment." *Pentlarge* v. *Commonwealth*, 445 Mass. 1012, 1012 (2005), citing *Commonwealth* v. *Spaulding*, 411 Mass. 503 (1992). Stevens has not shown otherwise.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William G. Stevens*, pro se.


even if Stevens did not intend his memorandum to be one filed pursuant to that rule, see note 1, *supra*, he "must 'demonstrate both a substantial claim of violation of [his] substantive rights and error that cannot be remedied under the ordinary review process' " in order to obtain relief under G. L. c. 211, § 3. *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). It is clear on this record that Stevens cannot demonstrate the latter.