KURT KING *vs.* COMMONWEALTH. May 21, 2010. *Moot Question. Practice, Civil,* Moot case.

The petitioner, Kurt King, was convicted of murder in the first degree. *Commonwealth* v. *King,* 391 Mass. 691 (1984). After his conviction was affirmed by this court, he filed in the Superior Court a number of motions seeking a new trial and other relief, all of which eventually were denied or not acted on. Pursuant to G. L. c. 278, § 33E, King, through counsel, filed a gatekeeper petition seeking leave to appeal from the denial of postconviction relief. The gatekeeper proceeding remains pending.

This appeal concerns a matter collateral to the gatekeeper petition. Subsequent to filing the petition, King's appellate counsel was granted leave to withdraw by a single justice of this court. King then moved, pro se, for appointment of new counsel, which the same single justice allowed "for evaluation," and referred the matter to the Committee for Public Counsel Services (CPCS). King moved for clarification, asking the single justice to amend his prior order to require CPCS to appoint counsel. That motion was denied without a hearing, and this appeal followed. The Commonwealth has now moved to dismiss the appeal as moot. We allow the motion.

Because counsel has now entered an appearance on King's behalf in the gatekeeper proceeding, having been appointed by CPCS, we consider this appeal to be moot. See *Pentlarge* v. *Commonwealth,* 445 Mass. 1012, 1012 (2005) (appeal moot where relief requested on appeal has been provided).[1]

*Appeal dismissed.*

The case was submitted on briefs.

*Kurt King*, pro se.

*Trisha R. Lee*, Assistant District Attorney, for the Commonwealth.

---

[1]King has filed in this court, as part of this appeal, documents supporting the merits of his gatekeeper petition and requesting injunctive relief with respect to certain prison conditions. We decline to act on any of these documents, because they do not concern the orders presently on appeal.