# RESCRIPT OPINIONS.

JEFFREY M. HEALEY *vs.* COMMISSIONER OF CORRECTION. July 27, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Sex Offender. Practice, Criminal,* Sentence, Speedy trial.

The petitioner, Jeffrey M. Healey, has been convicted of multiple sexual offenses involving children. Although he has completed his State prison sentences, he remains committed to the Massachusetts Treatment Center (treatment center) as a sexually dangerous person. He was initially committed to the treatment center in 1966, under the sexually dangerous person law then in effect, G. L. c. 123A, as appearing in St. 1958, c. 646, § 1, and he was recommitted after he reoffended sexually while on a gradual release program. During the period of his commitment, the petitioner unsuccessfully has petitioned for discharge pursuant to G. L. c. 123A, § 9, on several occasions. In 2005, a jury determined that he remained sexually dangerous under G. L. c. 123A, § 9. See *Commonwealth* v. *Bruno,* 432 Mass. 489, 498, 501 (2000).

The petitioner filed a petition in the county court, pursuant to G. L. c. 211, § 3, alleging that his "conditions of confinement" as a sexually dangerous person are governed by the 1958 version of the sexually dangerous person law; that he is entitled to be evaluated by psychiatrists rather than psychologists under that law; that he is entitled to hearings before the parole board; that his right to a speedy trial has been abridged under G. L. c. 123A, § 9; and that he is entitled to proceed jury-waived. He raised substantially similar claims in a petition for a writ of habeas corpus that was dismissed by a judge in the Superior Court. A single justice of this court denied the G. L. c. 211, § 3, petition without a hearing. The petitioner has now filed a memorandum in support of his appeal. It is unclear whether this was intended to be a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), or an appellate brief pursuant to Mass. R. A. P. 16, as amended, 428 Mass. 1603 (1999). In either case, the petitioner was required to demonstrate the absence or inadequacy of remedies alternative to G. L. c. 211, § 3, and he failed to do so.

Not only could the petitioner have appealed to the Appeals Court from the Superior Court judge's dismissal of his petition for habeas corpus relief, see *Englehart* v. *Commissioner of Correction,* 453 Mass. 1007 (2009), but to the extent he challenges the terms and conditions of his commitment, he could also have filed a civil action against the Commissioner of Correction. See *MacDougall* v. *Commonwealth,* 447 Mass. 505, 510-511 (2006). With respect to the claimed violation of his speedy trial right, any such "violation can be remedied on appeal from any adverse judgment." *Stevens* v. *Commonwealth,* 450 Mass. 1012, 1013 (2007), quoting *Pentlarge* v. *Commonwealth,* 445 Mass. 1012, 1012 (2005). The petitioner similarly failed to demonstrate that

his remaining claims could not adequately be addressed during the ordinary course of trial and appeal.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jeffrey M. Healey,* pro se.