GORDON FLOOD vs. COMMONWEALTH.[1] June 24, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Sex Offender. Practice, Criminal,* Interlocutory appeal, Speedy trial.

The petitioner, Gordon Flood, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Flood was convicted of various sexual offenses in 1993 and sentenced to fifteen to twenty years in State prison. In December, 2010, prior to Flood's scheduled release, the Commonwealth filed a petition in the Superior Court to commit him to the Massachusetts Treatment Center as a sexually dangerous person pursuant to G. L. c. 123A, § 12 (*b*). Flood was temporarily committed on January 6, 2011, and stipulated to probable cause for purposes of G. L. c. 123A, § 12 (*c*), on January 31, 2011. The requisite qualified examiner reports were filed on March 17, 2011, and the Commonwealth subsequently filed a timely petition for trial on March 21, 2011. On June 1, 2011, Flood filed a motion to dismiss the petition on the basis that the trial had not commenced within sixty days. See G. L. c. 123A, § 14 (*a*). It does not appear that any action was taken on this motion. According to the Commonwealth, Flood filed a second motion to dismiss on September 5, 2012.[2] After a judge in the trial court denied the motion, on October 5, 2012, Flood filed his G. L. c. 211, § 3, petition in the county court.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Flood has not made such a showing. He argues that the Commonwealth's failure to ensure that his trial commenced within sixty days of the filing of its petition for trial pursuant to G. L. c. 123A, § 14 (*a*), is a complete bar to proceeding with the trial. In Flood's view, he has a right not to be tried and where his liberty interest is at stake, because he has been temporarily commit-

[1]The petitioner named as respondents the superintendent of the Massachusetts Treatment Center and the district attorney for the Suffolk District. The Commonwealth, not these individuals, was the party in the lower court and is the proper respondent. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

[2]The trial court docket does not reflect the filing of the second motion to dismiss. The docket does, however, indicate that on September 10, 2012, the Commonwealth filed a response to Flood's motions to dismiss dated May 31, 2011, and September 5, 2012. Flood himself does not refer to the second motion to dismiss. It appears from the docket that there was no action in the case between August 18, 2011, when a motion for funds that had been filed by Flood was allowed, and July 30, 2012, when the Commonwealth filed a motion for trial.

ted, review of the denial of his motion to dismiss in an appeal from an adverse judgment (i.e., an adjudication of civil commitment as a sexually dangerous person) would be inadequate. We disagree.

As a general rule, there is no right to interlocutory review of the denial of a motion to dismiss pursuant to G. L. c. 211, § 3. See, e.g., *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991) ("The denial of a motion to dismiss . . . is not appealable by a defendant until after trial. General Laws c. 211, § 3, may not be used to circumvent our rule. . . . Unless the single justice . . . either decides the issue or reports the matter to the full court, a defendant cannot receive review under that statute of the denial of a motion to dismiss"). We have, however, recognized two very limited exceptions. In criminal cases, a defendant may seek interlocutory relief pursuant to G. L. c. 211, § 3, from the denial of a motion to dismiss on double jeopardy grounds. In that circumstance, because the double jeopardy right is a *right not to be tried*, we have held that "appellate review of [the denial of the motion to dismiss] after trial and conviction would not provide adequate relief if the defendant were to prevail . . . ." *McGuinness* v. *Commonwealth*, 423 Mass. 1003, 1004 (1996). See *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002).

We have also recognized, in sexually dangerous person proceedings, that an individual may seek interlocutory relief pursuant to G. L. c. 211, § 3, from the denial of a motion to dismiss a petition on the basis that the Commonwealth failed to timely petition for trial. See *Gangi* v. *Commonwealth*, 462 Mass. 158 (2012). In that case, the petitioner had filed, in the trial court, a motion to dismiss the Commonwealth's petition for civil commitment on the basis that the Commonwealth had not filed a timely petition for trial. *Id.* at 160. The motion to dismiss was denied, and the petitioner sought relief in the county court pursuant to G. L. c. 211, § 3. *Id.* After a single justice denied the petition, we allowed the petitioner's appeal to the full court to proceed because the sixty-day deadline set forth in the statute for filing a petition for trial is mandatory, and any violation of that deadline "requires dismissal" (absent extraordinary circumstances). *Id.* at 163. See *Commonwealth* v. *Gross*, 447 Mass. 691, 694 (2006) ("In short, if there is no timely filed petition for trial, the case does not proceed to trial").[3] As in the double jeopardy context, the right at issue is a *right not to be tried*; appellate review after a trial of the denial of a motion to dismiss based on a failure to file a timely petition for trial would not provide adequate relief, as the petitioner cannot be subject to trial in the first place. See *id.*

Flood's circumstances are unlike those of the petitioner in the *Gangi* case. The constraints of the statute that formed the basis for allowing that case to proceed in this court — that the statute permits no exceptions to the sixty-day requirement for filing a petition for trial, see *Gangi* v. *Commonwealth, supra* at 163 n.6 — are not the same with respect to the requirement that a trial commence within sixty days of the filing of that petition. The relevant statutory language in the *Gangi* case (see note 3, *supra*) had a mandatory tone, unlike the relevant language here. Section 14 (*a*) provides that a trial to determine whether an individual who is the subject of a petition for civil commitment is

---

[3]General Laws c. 123A, § 14 (*a*), provides in relevant part that the petition for trial "shall be made within 14 days of the filing of the report of the two qualified examiners," i.e., within sixty days of the temporary commitment under G. L. c. 123A, § 13 (*a*).

a sexually dangerous person "will be held" within sixty days of the Commonwealth timely filing a petition for trial. It also, however, provides that "[t]he trial may be continued upon motion of either party for good cause shown or by the court on its own motion if the interests of justice so require, unless the person named in the petition will be substantially prejudiced thereby." The "good cause" provision allows for a "relaxation" of the sixty-day time period for bringing a case to trial and thus differentiates that time requirement from the sixty-day requirement for filing a petition for trial, which "allows no extension." *Commonwealth* v. *DeBella*, 442 Mass. 683, 689 (2004).

Flood's motion to dismiss on the basis that the trial did not actually commence within sixty days is, in essence, a motion to dismiss on speedy trial grounds. He seeks to vindicate a right to be tried in a timely fashion, not, as in the *Gangi* case or in the double jeopardy context, a right not to be tried at all. See *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1004 (2001) (explaining distinction between double jeopardy claims and speedy trial claims for purposes of G. L. c. 211, § 3). See also *Marrero* v. *Commonwealth*, 447 Mass. 1013, 1013 (2006). In analogous circumstances, where an individual who has already been civilly committed as a sexually dangerous person seeks review of his commitment pursuant to G. L. c. 123A, § 9, we have stated that if the individual's speedy trial rights are in fact violated, "any such violation can be remedied on appeal from any adverse judgment." *Healy* v. *Commissioner of Correction*, 463 Mass. 1001, 1001 (2012), and cases cited.

Flood, in sum, has an adequate alternative remedy: any violation of his right to a timely trial can be remedied in an appeal from any adverse judgment. He is not entitled as a matter of right to interlocutory relief pursuant to G. L. c. 211, § 3, and the single justice did not err in denying the petition.[4]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Michael F. Farrington* for the petitioner.

---

[4]We note that this case differs from *Coffin* v. *Superintendent, Mass. Treatment Ctr.*, 458 Mass. 186 (2010). There, the single justice exercised his discretion to reserve and report the case to the full court. Nothing that we said in that case was intended to mean that G. L. c. 211, § 3, is an available avenue for all petitioners seeking relief from the denial, in the trial court, of a motion to dismiss a petition for civil commitment as a sexually dangerous person.

