Salinger, Kenneth W., J.
The Court concludes that
in an initial proceeding to commit someone involuntarily to the Massachusetts treatment center for sexually dangerous persons under G.L.c. 123A, §12, a vote by five-sixths of the jury members is sufficient to render a verdict that the Commonwealth has not met its burden of proving beyond a reasonable doubt that the respondent is a sexually dangerous person (“SDP”), even though a unanimous vote is required to render a verdict that the Commonwealth has proved that the respondent is sexually dangerous.
As a general matter, a vote of five-sixths of all jurors is “sufficient to render any special or general verdict” in civil actions in Massachusetts. See G.L.c. 234, §34A. SDP proceedings under G.L.c. 123A are civil actions, and thus are subject to this five-sixths rule for jury verdicts unless the Legislature alters it in some way. See In re Sheridan, 422 Mass. 776, 777-81 (1996) (holding that five-sixths rule applies to juiy verdicts on SDP discharge petitions under G.L.c. 123A, §9).
The Legislature made an exception to this general rule in §12 SDP proceedings, by expressly mandating that no one may be committed involuntarily to the treatment center unless a “jury finds unanimously and beyond a reasonable doubt that the person named in the petition is a sexually dangerous person.” G.L.c. 123A, § 14(d). But it does not follow that jury unanimity is also required before a jury may render a verdict that the Commonwealth failed to meet that burden of proof. Although the Legislature specified that in an initial SDP commitment proceeding a jury verdict in favor of the Commonwealth must be unanimous, the SDP statute is silent as to the margin required for a jury to render a verdict that the Commonwealth failed to meet its burden of proof. See id.
Since the Legislature did not specify that a unanimous vote is required before a jury may conclude that the Commonwealth failed to meet its burden of proof in an initial SDP commitment proceeding, the Court may not impose such a requirement. The Court may not “read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose.” Provencal v. Commonwealth Health Ins. Connector Auth., 456 Mass. 506, 516 (2010), quoting General Elec. Co. v. Department of Envtl. Prot., 429 Mass. 798, 803 (1999), and King v. Viscoloid Co., 219 Mass. 420, 425 (1914).
The Legislature was presumably aware of the five-sixths rule established by G.L.c. 234, §34A, when it crafted a limited exception to that rule in G.L.c. 123A, § 14(d). “We presume that the Legislature acts with full knowledge of existing laws.” Alliance to Protect Nantucket Sound v. Energy Facilities Siting Bd., 457 Mass. 663, 673 (2010). The Court must therefore read these two statutes “together, giving meaning and purpose to both” to the extent that § 14(d) is consistent with §34A. Id.
*59 The fact that § 14(d) is a more specific statute that only applies to initial SDP commitment proceedings, while §34A is a more general statute that applies to all civil actions, does not mean that § 14(d) supplants §34A in its entirety with respect to initial SDP commitment proceedings. “Rather than mechanically applying the concept that the more ‘recent’ or more ‘specific’ statute . . . trumps the other, we should endeavor to harmonize the two statutes so that the policies underlying both may be honored” and the plain language enacted into law by the Legislature may be given effect. Alliance to Protect Nantucket Sound, 457 Mass. at 673, quoting Commonwealth v. Harris, 443 Mass. 714, 725 (2005). “Thus, ‘[w]hen construing two or more statutes together, ”[w]e are loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication." ’ “ Id., quoting Dedham Water Co. v. Town of Dedham, 395 Mass. 510, 518 (1985), quoting in turn Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981). Although the Legislature expressly superseded the five-sixths rule and substituted a unanimity requirement before a jury may find that the Commonwealth has met its burden of proving that someone is sexually dangerous in an initial SDP commitment proceeding, nothing in the SDP statute expressly or by necessary implication does away with the five-sixths rule for a jury verdict that the Commonwealth has not met its burden of proving that someone is sexually dangerous in an initial SDP commitment proceeding.
The Court must apply and harmonize the plain language of the statutes regarding jury verdicts in civil actions in general and in initial SDP commitment proceedings in particular because doing so “would not lead to an ‘absurd result, or one contrary to the Legislature’s manifest intention.’ ” See Giragosian v. Chief of Police of Arlington, 78 Mass.App.Ct. 254, 257 n.7 (2010), quoting White v. City of Boston, 428 Mass. 250, 253 (1998).
There is nothing inconsistent, irrational, or illogical between requiring juiy unanimity before the Commonwealth may commit someone to the treatment center as a sexually dangerous person, as specifically required by §14(d), while allowing ajury to determine by a five-sixth vote that the Commonwealth failed to prove that the respondent is sexually dangerous, as mandated by §34A. “The commitment of a defendant to confinement” as a sexually dangerous person, “possibly for the rest of his life, is a most serious deprivation of liberty.” Commonwealth v. Trappaga, 76 Mass.App.Ct. 538, 548 (2010). The Legislature could rationally have determined that it is appropriate to require juiy unanimity before someone is deprived of their liberty in this manner, but that a verdict allowing the respondent to go free can fairly be rendered by five-sixths of the jury. Such a result is not “so irrational that the Legislature could not have intended it.” Cf. Providence and Worcester R.R. Co. v. Energy Facilities Siting Bd., 453 Mass. 135, 143 (2009) (rejecting argument that construing statute in accord with its plain meaning would lead to an absurd result). The Court must therefore apply the statutoiy scheme as written. See Alliance to Protect Nantucket Sound, 457 Mass. at 674; Commonwealth v. Hendricks, 452 Mass. 97, 101-02 (2008).
ORDER
The juiy must reach a unanimous verdict that the Commonwealth has proved beyond a reasonable doubt that respondent Charles DiNardo is a sexually dangerous person in order for the Commonwealth to prevail and obtain a judgment committing DiNardo to the treatment center, under G.L.c. 123A, §14(d). But the agreement of five-sixths of the deliberating jurors is sufficient to render a verdict that the Commonwealth failed to meet its burden of proving that Mr. DiNardo is sexually dangerous, under G.L.c. 234, §34A.