NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12248


DAVID SCHUMACHER  vs.  COMMONWEALTH.


Supreme Judicial Court, Superintendence of inferior courts.  Sex
     Offender.  Practice, Civil, Sex offender, Civil commitment.


May 3, 2017.


     David Schumacher appeals from a judgment of the county
court denying, without a hearing, his petition for relief under
G. L. c. 211, § 3.  In 2013, Schumacher was convicted of armed
robbery and sentenced to a term in the State prison.  The
Commonwealth filed a petition in the Superior Court for
Schumacher's civil commitment as a sexually dangerous person
pursuant to G. L. c. 123A, alleging that he had been convicted
of sex offenses in Florida.  On the Commonwealth's motion, a
judge in the Superior Court issued an order temporarily
committing Schumacher to the Massachusetts Treatment Center
(treatment center) pursuant to G. L. c. 123A, § 12 (e), pending
a probable cause determination.  Schumacher moved for
reconsideration and for relief from temporary commitment, and
that motion was denied.  Schumacher's G. L. c. 211, § 3,
petition, seeking interlocutory relief from the order for
temporary commitment, followed.  The single justice denied
relief without reaching the merits of Schumacher's claims on the
ground that he has an adequate remedy in the ordinary appellate
process.  We affirm.

     The case is before us pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001), which requires Schumacher to
"set forth the reasons why review of the trial court decision
cannot adequately be obtained on appeal from any final adverse
judgment in the trial court or by other available means."  He
has not done so.  Schumacher argues that, due to his temporary
commitment to the treatment center, he is being deprived of a

liberty interest in a way that cannot be remedied in the ordinary appellate process.  He relies on Gangi v. Commonwealth, 462 Mass. 158 (2012), and Coffin v. Superintendent, Mass. Treatment Ctr., 458 Mass. 186 (2010), in each of which we permitted interlocutory review under G. L. c. 211, § 3, from the denial of a motion to dismiss a c. 123A petition.[1]  That reliance is misplaced.  Schumacher did not move to dismiss the Commonwealth's c. 123A petition, but only challenged the order of temporary commitment.[2]

More importantly, not every interlocutory order in a sexually dangerous person case -- not even every motion to dismiss -- is subject to immediate review under G. L. c. 211, § 3, merely because the party challenging the order is temporarily committed to the treatment center.  See Flood v. Commonwealth, 465 Mass. 1015, 1015-1017 (2013) (extraordinary relief from denial of motion to dismiss c. 123A petition properly denied, despite claim of liberty interest at stake; nature of claim, unlike in Gangi, was such that it could adequately be remedied if necessary on appeal).  "Nothing that we said in [the Coffin] case was intended to mean that G. L. c. 211, § 3, is an available avenue for all petitioners seeking relief from the denial, in the trial court, of a motion to dismiss a petition for civil commitment as a sexually dangerous person," Flood, supra at 1017 n.4, or from the denial of any other type of interlocutory motion in a sexually dangerous person case.  All of Schumacher's arguments as to the merits -- namely, that the district attorney for the Plymouth district lacked authority to file the G. L. c. 123A petition in the circumstances of this case, that Schumacher was not convicted of any sex offense within the meaning of G. L. c. 123A, § 1, and

---

[1] Schumacher also relies on an unreported recent decision of a single justice of this court granting relief on a G. L. c. 211, § 3, petition in an unrelated case.  The fact that a single justice exercised her discretion and granted relief in a different case does not obligate other single justices to do likewise and, in any event, is not binding on the full court. See Esteves v. Commonwealth, 434 Mass. 1003, 1004 (2001) ("The fact that the single justice chose to do so in that instance does not compel us to decide that the single justice should have done so in this case, or must do so in every instance").

[2] Schumacher's G. L. c. 211, § 3, petition before the single justice included a request that the underlying c. 123A petition be dismissed, but he does not appear to have sought that relief in the Superior Court.

that the residual clause in the statutory definition of "[s]exual offense" is vague and overbroad[3] -- can be raised on appeal from an adverse final judgment in this matter, and the single justice did not err or abuse his discretion in concluding that the ordinary appellate process provides an adequate remedy.

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Joseph M. Kenneally</u> for the petitioner.

---

[3] We express no view on the merits of these claims.