The case was submitted on the papers filed, accompanied by a memorandum of law.
**1028 The petitioner, John Crittenden, filed a paper in the county court titled "Respondent's Petition for Interlocutory Appeal and Stay of Proceedings." A single justice of this court treated it as a petition pursuant to G. L. c. 211, § 3, and denied relief without a hearing.[1] We affirm.
The Commonwealth filed a petition in the Superior Court seeking civil commitment of Crittenden as a sexually dangerous person pursuant to G. L. c. 123A. He was temporarily committed to the Massachusetts Treatment Center, and a probable cause hearing was scheduled. Meanwhile, Crittenden was evaluated and a report was prepared pursuant to G. L. c. 123, § 18 (a ).[2] Before the hearing, an assistant district attorney provided a copy of the § 18 (a ) report to Crittenden's counsel. Asserting that the district attorney was not properly in **1029 possession of the § 18 (a ) report, Crittenden moved, among other things, for an order preventing future dissemination of the report by the district attorney for purposes of the G. L. c. 123A proceeding, or for any other purpose. The judge denied the motion.
Crittenden filed a petition in the county court seeking review of that interlocutory order. He argues that records of evaluations under G. L. c. 123, § 18, are protected from disclosure to third parties except by court order, pursuant to G. L. c. 123, §§ 36 and 36A. He also argues that dissemination of the § 18 (a ) report, including material that he contends are privileged, will result in irremediable violation of his rights. The single justice denied relief pursuant to G. L. c. 211, § 3, and Crittenden appeals.
The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Crittenden failed to meet that burden. The single justice properly declined to exercise the court's extraordinary power of superintendence under G. L. c. 211, § 3, in light of an adequate alternative remedy, namely, a petition for relief in the Appeals *964 Court under G. L. c. 231, § 118, first par.[3] See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020, 672 N.E.2d 535 (1996). See also Commonwealth v. G.F., 479 Mass. 180, 188, 93 N.E.3d 816 (2018) (noting proceedings before single justice of Appeals Court concerning interlocutory rulings in G. L. c. 123A case); Commonwealth v. Sargent, 449 Mass. 576, 579, 870 N.E.2d 602 (2007) (noting use of G. L. c. 231, § 118, first par., for review of interlocutory ruling in c. 123A proceeding); Sheridan, petitioner, 422 Mass. 776, 777, 665 N.E.2d 978 (1996).
There was no error in treating the petition as arising under G. L. c. 211, § 3. While the petitioner cited Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017), as the basis for his petition, the rule does not apply to proceedings involving G. L. c. 123A. "[A] G. L. c. 123A proceeding is neither criminal nor penal in nature, but is a civil proceeding." Commonwealth v. Burgess, 450 Mass. 366, 374, 878 N.E.2d 921 (2008). See, e.g., Commonwealth v. Curran, 478 Mass. 630, 88 N.E.3d 862 (2018). See also Sheridan, petitioner, 422 Mass. 776, 780-781, 665 N.E.2d 978 (1996).
General Laws c. 123, § 18 (a ), provides that
"[i]f the person in charge of any place of detention within the commonwealth has reason to believe that a person confined therein is in need of hospitalization by reason of mental illness ..., he shall cause such prisoner to be examined at such place of detention by a physician or psychologist .... After completion of such examination and observation, a written report shall be sent to [the] court and to the person in charge of the place of detention."
The court has "recognized, in sexually dangerous person proceedings, that an individual may seek interlocutory relief pursuant to G. L. c. 211, § 3, from the denial of a motion to dismiss a petition on the basis that the Commonwealth failed to timely petition for trial." Flood v. Commonwealth, 465 Mass. 1015, 1016, 990 N.E.2d 73 (2013), citing Gangi v. Commonwealth, 462 Mass. 158, 967 N.E.2d 135 (2012). We have done so in that very limited circumstance because the "right at issue is a right not to be tried," Flood, supra, emphasizing the "expedited pace" established by G. L. c. 123A, § 13 (a ). See Gangi, supra at 160-161 & n.2, 967 N.E.2d 135. We underscore, however, that G. L. c. 211, § 3, is not "an available avenue for all petitioners seeking relief from the denial, in the trial court, of a motion to dismiss a petition for civil commitment as a sexually dangerous person," Flood, supra at 1017 n.4, 990 N.E.2d 73, or from other types of interlocutory orders in a sexually dangerous person case where an adequate alternative remedy is available. See Schumacher v. Commonwealth, 477 Mass. 1005, 1005-1006, 73 N.E.3d 775 (2017).