NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12731

DANIEL GHEBREHIWET  vs.  COMMONWEALTH.


July 16, 2019.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Speedy trial.


     The petitioner, Daniel Ghebrehiwet, appeals from a judgment
of a single justice of this court denying his petition pursuant
to G. L. c. 211, § 3.  We affirm.

     Ghebrehiwet was charged by a complaint in the District
Court in 2012, with, among other things, several firearm
offenses and receiving a stolen motor vehicle.  He failed to
appear in court, and a warrant issued.  In April 2018, while
incarcerated in Indiana for unrelated offenses, he filed a
petition for a speedy disposition of the Massachusetts charges
pursuant to the Interstate Agreement on Detainers (IAD).  He was
brought to the Commonwealth and appeared for arraignment in the
District Court in August.  On December 5, he filed a motion to
dismiss the charges on the basis that the Commonwealth had
failed to bring him to trial within the time frame required by
the IAD.  A judge in the District Court allowed the motion on
December 6.

     Meanwhile, Ghebrehiwet had been indicted on the same
charges on November 30, 2018, and he appeared in the Superior
Court for arraignment on the indictment on December 28.  On that
same date he filed, in that court, two motions to dismiss:  one
on the basis that the Superior Court lacked jurisdiction because
the District Court had previously dismissed the complaint
(jurisdictional motion), and one on the same basis on which he
had moved to dismiss in the District Court -- that the
Commonwealth had failed to abide by the time limits of the IAD

(IAD motion).  The Superior Court judge denied the jurisdictional motion, noting that once the indictments had been returned, the District Court no longer had jurisdiction (i.e., that the District Court had no authority to dismiss the complaint because it no longer had jurisdiction over the case).  The judge took the IAD motion under advisement.

While the IAD motion was pending, Ghebrehiwet filed his G. L. c. 211, § 3, petition in the county court, arguing, among other things, that in denying the jurisdictional motion, the Superior Court judge had "revoked" the District Court judge's dismissal of the complaint.  The Superior Court judge subsequently denied the IAD motion before the single justice acted on the G. L. c. 211, § 3, petition.  The single justice thereafter denied the petition.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  Ghebrehiwet has not made such a showing.  "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule.  Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss."  Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007), quoting Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002).  See Ventresco v. Commonwealth, 409 Mass. 82, 83-84 (1991), and cases cited.

Ghebrehiwet recognizes this but nonetheless argues that the Commonwealth's failure to bring him to trial within the time frame provided for in the IAD essentially violates his right to a speedy trial and that this alleged violation cannot be effectively remedied after trial.  He also suggests that speedy trial rights are akin to double jeopardy rights for which appellate review after trial would not provide adequate relief.  We have held otherwise.  See, e.g., Flood v. Commonwealth, 465 Mass. 1015, 1017 (2013), and cases cited (rejecting petitioner's claim that speedy trial right is akin to double jeopardy right for which appellate review after trial would not provide adequate relief).  See also Cousin v. Commonwealth, 442 Mass. 1046, 1046 (2004).

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Daniel Ghebrehiwet, pro se.